(No. 20225.—

PANTHER CREEK MINES, INC., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THEODORE DAHL-KAMP, Defendant in Error.)

*Opinion filed December 18, 1930.*

JOHNSON & PEFFERLE, for plaintiff in error.

A. C. Lewis, and Joseph A. Londrigan, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

This case is brought to this court upon the granting of a writ of error to review the judgment of the circuit court of Sangamon county confirming an award made by the Industrial Commission to Theodore Dahlkamp under the Workmen's Compensation act.

Dahlkamp, a man about sixty-six years of age, received an injury by being struck in his left eye by a piece of coal while he was preparing to drill a hole in the coal mine of plaintiff in error. The injury was received about three o'clock in the afternoon on October 9, 1928. He finished his day's work and went home, where he bathed his eye and put some medicine in it. He did not return to work in the mine. The accident being an injury to the eye and loss of sight having occurred, the question is raised as to whether the employee gave notice to his employer within a reasonable time. The proof shows that one of Dahlkamp's sons who also worked in the mine reported the accidental injury received by his father to the employer on October 11. The report was made to a clerk in the employer's office, but he was not the chief clerk. Later the chief clerk stated he had received no notice of the injury, and thereafter two sons of Dahlkamp reported the injury to the chief clerk on October 31. Section 24 of the Workmen's Compensation act (Cahill's Stat. 1927, p. 1235,) requires that an accident be reported to the employer "as soon as practicable, but not later than thirty days after the accident." Plaintiff in error admits receiving the report of the injury on October 31, which was within thirty days after the accident. The proof shows the first report was made to plaintiff in error's office two days after the accident and the second report was made about three weeks after the accident. The notice was given within the required time, as has been held

by this court in *Simpson Co.* v. *Industrial Com.* 337 Ill. 454, and numerous other cases. Previous to the accident for which this claim for compensation was filed Dahlkamp had received a slight injury to his right eye, which he reported to the employer and was ordered to go to Dr. Morris for treatment. He did not go to the doctor and the injury cleared up without treatment. He had been blind in that eye for about four years. After the injury to his left eye on October 9 Dahlkamp did not go to Dr. Morris for treatment of it because he was dissatisfied with the treatment he received from Dr. Morris four years previously, when he lost the sight of his right eye. Three or four days after his last injury he called Dr. Aschauer, an eye specialist, who treated him for two weeks. Then plaintiff in error sent Dr. Morris to his house to see him, and Dr. Morris saw him first on November 5, 1928, and had him removed to a hospital the next day. Dr. Morris thought it advisable to remove the eyeball. Dahlkamp sent for Dr. Prince, another eye specialist. Dr. Prince did not consider it necessary to remove the eyeball but thought they could save nothing but the eyeball. Dahlkamp was removed to the Prince Sanitarium and his left eye was given a series of treatments. The inflammatory condition cleared up and Dahlkamp was discharged from treatment April 22, 1929. He was practically blind at that time. We do not think there is any merit in the contention made by plaintiff in error that the eyesight might have been saved or partially saved if Dr. Morris had treated the eye sooner. *Superior Coal Co.* v. *Industrial Com.* 326 Ill. 584.

The award made by the Industrial Commission was that the claimant receive from his employer the sum of $242 for medical services, the sum of $14 per week for a period of 27-6/7 weeks' temporary total incapacity, and the sum of $14 per week for the period of 120 weeks for the loss of vision of the left eye, and the employee having become totally blind and completely disabled, as specified under sub-

section 18 of paragraph (*e*) and paragraph (*f*) of section 8 of the Workmen's Compensation act, that he shall be paid by the Treasurer of the State of Illinois, out of certain funds provided for under the act, the further sum of $14 per week for the period of 120 weeks, beginning August 11, 1931, and continuing until November 28, 1933, and thereafter the sum of $25 per month for life. It is contended by counsel for plaintiff in error that the award requiring the employer to pay $14 for 27-6/7 weeks for temporary total incapacity is contrary to sub-section 18 of paragraph (*e*) of section 8 of the act, and that if any such award is proper it should be paid by the State Treasurer out of the special fund provided for in the act. In other words, the employer's position is that in case of total and permanent disability of an employee by reason of the loss of a member where the employee has previously suffered the loss of a member, the employer should not be compelled to pay any compensation during the period of temporary total incapacity but liability should be limited to the loss of the use of the member occasioned by the last independent accident.

Sub-section 18 of paragraph (*e*) of section 8 of the act (Cahill's Stat. 1927, p. 1228,) is as follows: "The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, suffered in one accident, or the permanent and complete loss of use thereof, suffered in one accident, shall constitute total and permanent disability, to be compensated according to the compensation fixed by paragraph (*f*) of this section: *Provided,* that these specific cases of total and permanent disability shall not be construed as excluding other cases: *Provided further,* that any employee who has in a previous and independent accident suffered the loss or permanent and complete loss of the use of any one of said members, and in a subsequent independent accident loses another or suffers the permanent and complete loss of the use of any one of said members,

the employer for whom the injured employee is working at the time of said last independent accident shall be liable to pay compensation only for the loss or permanent and complete loss of the use of the member occasioned by said last independent accident."

Paragraph (*e*) of section 8 provides: "For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (*a*) and (*b*) of this section, compensation, for a further period, subject to the limitations as to time and amounts fixed in paragraphs (*b*) and (*h*) of this section, for the specific loss herein mentioned, as follows, but shall not receive any compensation for such injuries under any other provisions of this act." Sub-section 16 of the same paragraph recites: "For the loss of the sight of an eye, or for the permanent and complete loss of its use, fifty percentum of the average weekly wage during one hundred and twenty weeks."

Sub-section 18 of paragraph (*e*) must be considered and construed together with the language and provisions of the entire paragraph. It will be seen from the language of the entire paragraph that for the loss of an eye the injured employee shall receive fifty per cent of his average weekly wage for a period of 120 weeks in addition to the period of temporary total incapacity, which has been construed or described by this court as the period of the healing process. *Mt. Olive Coal Co.* v. *Industrial Com.* 295 Ill. 429.

We are of opinion the award made complies with the provisions of the statute, and the judgment of the circuit court will therefore be affirmed. *Judgment affirmed.*