(No. 13471.—Reversed and remanded.)

THE MT. OLIVE COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DANIEL IVERS, Defendant in Error.)

*Opinion filed December 21, 1920.*

1. WORKMEN'S COMPENSATION—*period of temporary total incapacity defined.* The period of temporary total incapacity is the period of the healing process immediately after the accident, during which time the injured employee is totally incapacitated for work by reason of the illness attending the injury and which condition exists until the workman is so far restored as the permanent character of the injuries will permit.

2. SAME—*when award for temporary total incapacity cannot be sustained.* An award for temporary total incapacity cannot be sustained where the period for which the award is given extends beyond the time of the total disability immediately following the injury and includes the disability which is due to the permanent character of the injuries rather than the temporary illness following the accident.

3. SAME—*when permanent disability is due to refusal to submit to operation.* Where the employee's injury consists of a broken arm, and after there has been a solid union of the bone the hand and fingers remain stiff because of adhesions in the tendons, an award for permanent disability during the time the employee refuses to submit to a minor operation to break up the adhesions can not be sustained, as the permanent disability in such case is due to the refusal to submit to the operation and not due to the accident.

4. SAME—*liability of employer where employee submits to an operation at employer's request.* If an operation performed on the employee at the employer's request to prevent permanent disability is not successful the employer will be liable for whatever permanent disability remains as well as for surgical and hospital services necessary for the operation, and if the operation is successful he is liable for the temporary loss of time as well as for treatments and surgical and hospital expenses.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

T. W. QUINLAN, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Macoupin county confirming an order of the Industrial Commission awarding compensation to defendant in error, Daniel Ivers, for a period of 54 weeks for temporary total incapacity and for a period of 120 weeks for eighty per cent loss of the use of his right hand.

Defendant in error was sixty-one years old and was hurt October 13, 1917, while loading coal in the mine of plaintiff in error. His right arm was broken about one and one-half inches above the wrist, the doctor describing the break as a green-stick fracture of the radius.

There are but two questions presented for our consideration: First, what is the meaning of the term "temporary total incapacity," and is there evidence in the record to sustain the finding that the period of temporary total incapacity in this case was 54 weeks? Second, what is the effect of the unreasonable refusal of an injured employee to submit to proper medical or surgical treatment, and does the evidenec in this record show the refusal of defendant in error to submit to surgical treatment to be unreasonable?

For about five weeks after the injury the arm of defendant in error was kept in splints, and after the splints were removed the hand was kept bandaged for about two more weeks. According to the testimony of defendant in error he "got well about ten weeks after the accident." The only disability that prevented him from returning to his work was the stiff condition of his hand. The arbitrator entered his award November 16, 1918, and the review before the Industrial Commission was had about six months later. There had been practically no change in the condition of the hand since about January, 1918. Dr. Don Deal testified that he examined defendant in error June 19, 1918,

and found that there was limitation of motion of the right wrist of about forty per cent and that there was limitation of flexion in each of the fingers of the right hand of about fifty per cent. It was his opinion that this condition was due to immobility over a long period and was not due to the fracture. He found that there had been a solid union of the bone and that the wrist and hand would improve with use. It was also his opinion that the only thing that would improve the condition of the hand was motion, either by the patient himself, or by some other person with the patient under an anæsthetic. He proposed to give defendant in error laughing gas and then to forcibly break up the adhesions. He stated that there was no injury except the adhesions in the tendons, and that if these were forcibly broken up there would be a complete recovery in four to six weeks. The operation is simply manipulating the fingers and hand by forcible motion. No instruments whatever are used, and the anæsthetic is given solely for the purpose of enabling the patient to bear the pain. Laughing gas is a nitrous oxide and is a pleasant anæsthetic, used only in minor operations. It is used especially on account of its safety in cases where the patient has kidney or heart trouble. Defendant in error refused to take the anæsthetic and refused to submit to the operation.

The period of temporary total incapacity is that temporary period immediately after the accident during which the injured employee is totally incapacitated for work by reason of the illness attending the injury. It might be described as the period of the healing process. Temporary as distinguished from permanent disability is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit. (*Vishney* v. *Empire Steel and Iron Co.* (N. J. L.) 95 Atl. 143.) The injury to defendant in error furnishes an apt illustration of the distinction between temporary total incapacity and permanent disability. The period of temporary total in-

capacity is that period during which defendant in error was unable to work because of the broken bone in his arm. When that bone had completely knitted and the usual attendant soreness and stiffness disappeared, the period of the temporary incapacity ended and any disability then existing was necessarily the result of the permanent character of the injuries received. If defendant in error had lost his hand in the accident the period of temporary disability would have been the physical state of the patient until the stump was healed and he was able to get about. The loss of the hand would have been the permanent disability for which compensation is allowed under another division of the act. We find no evidence in the record to justify the finding of the arbitrator that the period of temporary total incapacity was 54 weeks. It is clear from what we have said before that three-fourths or more of this period was after the healing process was completed, and the disability was therefore due to the permanent character of the injuries rather than the temporary illness following the accident.

It is further contended by plaintiff in error that the continuance of the permanent disability was not due to the original accident but was due to the unreasonable refusal of defendant in error to submit to proper medical treatment. It is conceded that there is no power in the Industrial Commission or elsewhere to compel defendant in error to submit to an operation, but, on the other hand, it must be conceded that whether the loss of eighty per cent of the use of the right hand of defendant in error is attributable to the accident or to the refusal of defendant in error to have the adhesions in the tendons forcibly broken up is a question for the commission, in the first instance, to determine. The uncontradicted evidence in the record shows that there was no possibility of danger to defendant in error from the operation. It is such an operation as any reasonable man would take advantage of, if he had no one against whom he could claim compensation. A reasonable and salutary

rule, which has been followed by the American and English courts of last resort, is this: "If the operation is not attended with danger to life or health or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employer from the obligation to maintain him." (*Kricinovich* v. *American Car and Foundry Co.* (Mich.) 159 N. W. 362; *Jendrus* v. *Detroit Steel Products Co.* (Mich.) 144 N. W. 563; *Lesh* v. *Illinois Steel Co.* (Wis.) 157 N. W. 539.) The evidence here shows, without dispute, that there is a solid union of the bone, and that the only thing the matter with defendant in error is the adhesions in the tendons of his wrist and hand. The operation is a simple one, attended with no danger whatever, and with no pain under a mild and entirely safe anæsthetic. We must therefore hold the permanent disability of defendant in error is due to his refusal to submit to this simple operation and not due to the accident. *Joliet Motor Co.* v. *Industrial Board,* 280 Ill. 148.

For the errors appearing in the record this cause must be remanded to the Industrial Commission for further proceedings consistent with the views expressed in this opinion. If the operation should be had and prove unsuccessful, plaintiff in error would be liable for whatever loss of use of his hand defendant in error suffers as well as surgical and hospital services necessary for the operation and for treatment already received, but if successful its liability would be for temporary loss of time and for treatments had and surgical and hospital expenses incurred in the operation. Whatever time the commission finds from the evidence defendant in error has lost by his unreasonable refusal to submit to this operation must be credited to plaintiff in error in awarding compensation. Such loss of time must be attributed to the voluntary act of defendant in error in

295—28

refusing to submit to proper medical treatment and must not be attributed to the accident.

The judgment is reversed and the cause is remanded to the circuit court, with directions to set aside the order of the Industrial Commission and for such further proceedings as are provided by statute.

*Reversed and remanded, with directions.*