(No. 25705.■■■■■■■■■■■■■■)

DOMINICK DE BARTOLO, Defendant in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(THE BURNSIDE STEEL
FOUNDRY COMPANY, Plaintiff in Error.)

*Opinion filed December 12, 1940.*

ANGERSTEIN & ANGERSTEIN, (THOMAS C. ANGERSTEIN,
GEORGE W. ANGERSTEIN, CHARLES WOLFF, and MARION J.
HANNIGAN, of counsel,) for plaintiff in error.

ELLIODOR M. LIBONATI, (ABRAHAM MILLER, of coun-
sel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

This writ of error was allowed to review a judgment
of the superior court of Cook county which reversed a de-
cision of the Industrial Commission denying compensation
to the defendant in error, Dominick De Bartolo, under sec-
tion 19(h) of the Workmen's Compensation act, (Ill. Rev.

Stat. 1939, chap. 48, par. 156(a),) and entered an award for permanent total disability. In order to effect an understanding of the single issue involved it is necessary to review the entire history of the case.

On June 9, 1936, defendant in error filed an application for adjustment of claim with the Industrial Commission of Illinois, alleging that on March 6, 1936, he sustained an accidental injury to his back and ribs and as a result he became completely and permanently disabled. The cause was referred to an arbitrator who heard the evidence and entered an award for temporary total incapacity of $16.25 per week for a period of twenty weeks. No review of this award was sought until December 30, 1936, when defendant in error filed a petition under section 19(a) and 19(h) of the Workmen's Compensation act, (Ill. Rev. Stat. 1939, chap. 48, par. 156(a) and 156(h),) alleging that he was not aware of his rights of review under the act and that his injuries were permanent. This petition was dismissed on November 22, 1937, for want of prosecution. On November 30, 1937, a petition was filed under section 19(h) of the act and a hearing was held touching on a claimed recurrence and increase of disability. On July 9, 1938, an order was entered finding that the disability had not recurred or increased since the date of the award of the arbitrator. On *certiorari* to the superior court of Cook county the cause was remanded to the Industrial Commission to introduce additional medical evidence if the parties desired and at a subsequent hearing before the commission no additional evidence was offered. An order was then entered denying compensation for permanent disability. Again, upon *certiorari* to the superior court, the order of the Industrial Commission was set aside and an award was entered in the amount of $16.25 per week for 320 weeks, in addition to the amount of the original award, and thereafter a pension of $416 annually for life.

At the original hearing defendant in error testified that on March 6, 1936, while employed as a crane operator by plaintiff in error he suffered from a fall which injured his side; that at that time he was taken to a doctor's office where his injuries were examined by X-ray and he received local treatment in the form of strapping or taping and that the doctor called on him four or five times thereafter. It appears further from his testimony that he was examined by Dr. Jacobsen and that he had successively been treated by Drs. Adams and Schussler. Dr. N. O. Borque testified that he examined defendant in error on August 22, 1936, and found a curvature of the spine which would incapacitate him as a laborer and that in his opinion the condition was due to an accident. Dr. W. R. Schussler testified that he examined defendant in error and took X-rays and found a healed fracture of the tenth rib on the right side, a curvature of the spine and arthritis, and that the condition was caused by traumatism. In his opinion the condition was permanent and would prevent manual labor.

Dr. Testin, who treated plaintiff in error at the time of the accident testified that he found a simple fracture of the tenth rib, had seen him three times thereafter and had discharged him as cured after about seven weeks. He testified that defendant in error had not complained to him concerning his back at the time he was being treated for the fractured rib. Dr. Carl Stephens and Dr. Roland Jacobsen each testified that examinations and X-rays showed some evidence of spinal curvature, a completely healed rib and no evidence of any injury to the back. It was on this evidence that the arbitrator's award for temporary total incapacity was entered.

At the hearing before the Industrial Commission on May 17, 1938, under section 19(h), defendant in error testified that he was still totally disabled and unable to do any work since the time of the injury; that his weight had

fallen from 165 to 126 pounds; that he wore a belt and had pains in his back which were getting worse every day. Dr. Walter Schussler testified that he had formerly treated defendant in error but had not seen him from September, 1936, until May, 1938, when he examined him and took X-rays which showed a curvature of the spine and arthritis, and that his condition was slightly worse. Dr. S. L. Governale testified that he first examined defendant in error in November, 1937, and found a curvature of the spine and arthritis, and when he again examined him in May, 1938, he again presented the same kind of a picture, but with a little more spinal limitation. Dr. Henry Testin, Dr. Roland Jacobsen and Dr. William J. Swift testified for the plaintiff in error and all agreed that from a reading and comparison of the X-rays that there was no material change in the condition of the defendant in error.

Under the provisions of paragraph (h) of section 19, the inquiry is limited to a determination on the single issue of whether the disability has recurred, increased, diminished or ended subsequent to the original finding. The commission is required to consider the evidence offered and finding made on the first inquiry, together with such additional evidence as may be offered touching the issue above indicated. (*Belleville Brick Co.* v. *Industrial Com.* 305 Ill. 577; *Cobine* v. *Industrial Com.* 350 id. 384.) Even if the whole evidence should show that the original award was wrong it cannot be reviewed or set aside on a proceeding under paragraph (h) of section 19. (*Belleville Brick Co.* v. *Industrial Com. supra.*) On the original hearing in 1936, there was a finding that the injury to plaintiff in error did not cause any permanent disability and that finding cannot be reviewed on this proceeding, where it was only competent to inquire as to a recurrence or increase of that disability since the first decision.

It is the province of the Industrial Commission to draw reasonable conclusions and inferences from the evidence

and neither this court nor the circuit nor superior court may set aside such findings of fact unless they are manifestly against the weight of the evidence. *Rodriguez* v. *Industrial Com.* 371 Ill. 590; *Czerny* v. *Industrial Com.* 369 id. 275; *Rittler* v. *Industrial Com.* 351 id. 338.

In the record before us two doctors testified that the condition of defendant in error was slightly worse than at the time of the first hearing while three others said there was no material change. The issue of whether or not there was a material change being the precise point for determination, we cannot say that the finding of the Industrial Commission was against the manifest weight of the evidence. The superior court should not have disturbed this finding of fact which the commission was empowered to make.

The judgment of the superior court of Cook county is reversed and the cause remanded to that court, with directions to enter a judgment confirming the decision of the Industrial Commission.

*Reversed and remanded, with directions.*