(No. 40104.—

EFENGEE ELECTRICAL SUPPLY COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SOPHIE UN-FANGER, Appellee.)

*Opinion filed January 19, 1967.*

VAN DUZER, GERSHON & JORDAN, of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel,) for appellant:

ARTHUR O. KANE, of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Efengee Electrical Supply Company appeals from a judgment of the circuit court of Cook County confirming a supplementary award for medical expense under the Workmen's Compensation Act. It is contended the award was without any jurisdictional basis because several years had elapsed since the original decision awarding compensation and medical expense, and no provision had been included therein for future medical expense.

The appellee Sophie Unfanger filed her original application for adjustment of claim on September 14, 1953, seeking compensation for an accidental injury incurred September 15, 1952. The proceedings culminated in an award July 3, 1957, for temporary total incapacity and for 75% permanent loss of use of the right leg. In addition it was ordered that the respondent pay $6261.57 for reasonable medical expenses incurred by the claimant as a result of the accident. No finding was made of need for future medical services, and no provision was made for the payment of future expenses. Neither party appealed from the order of the commission.

Following the commission's decision the employer paid additionally incurred amounts for medical care (after petitions therefor had been filed) in 1958, 1961 and 1962. The present petition was filed to recover medical expenses incurred since 1962 in the amount of $410.54. On the hearing claimant testified that the sum demanded was spent for medication prescribed for the relief of pain during the period since the 1962 petition was granted.

To reverse the allowance of such expenses the employer says the 1957 decision became final by lapse of time because payment for future medical expenses was not provided for therein. In its brief the assertion is made that the issue of future medical services was raised on arbitration and on review. Examination of the record as well as the abstract pages referred to fails to disclose any such issue being raised or decided. All that appears is simply that no mention of any need for future medical services was made in the proceedings and that the order contained no reference thereto.

The claimant urges that the terms of the statute provide no limit on the duration of the employer's obligation to provide medical services required to relieve from the effects of an injury, and that this obligation is not closed out merely because a finding and order had been made for compensation and accrued medical expense. We agree. There is no dispute about claimant's need for continued medical care, its origin in the accident in question, and the reasonableness of the expenses. Under the present circumstances the employer's obligation is clear. Section 8(a) of the act provides that: "The employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury." Ill. Rev. Stat. 1961, chap. 48, par. 138.8.

It is not disputed in the case at bar that the care in dispute was reasonably required to relieve from the effects of the injury, and the employer has failed to explain why it should be relieved of its statutory duty merely because compensation and past medical expenses were paid pursuant to an order by the commission rather than on the employer's own initiative. The 1957 decision is not being amended or modified as respondent apparently assumes. On the issues presented the decision became final and the award then made

for medical expense accrued to that time may no longer be altered. But the present proceedings relate to medical services required *thereafter*. The issues on the two petitions are not the same.

We have heretofore held that as to such services the intent of section 8(a) is to make the employer's liability continuous so long as they are required to relieve the injured employee from the effects of the injury. (*Florczak* v. *Industrial Com.*, 381 Ill. 120; *Newman Co.* v. *Industrial Com.*, 353 Ill. 190.) The decisions cited are controlling here, and it is unnecessary to further discuss the reasons for our conclusion.

The judgment of the circuit court was correct in confirming the order of the Industrial Commission and it is hereby affirmed.

*Judgment affirmed.*