(No. 43305.—

Springfield Park District, Appellant, *vs.* The Industrial Commission *et al.*—(Louis Casper, Appellee.)

*Opinion field April 1, 1971.—Rehearing denied October 4, 1971.*

W. J. SIMHAUSER, of Springfield, for appellant.

PREE & PREE, of Springfield, and EDWARD J. KIONKA, of Champaign, (EDWARD G. PREE, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Sangamon County which affirmed an award by the Industrial Commission based on its finding that the employee, Louis Casper, had sustained an injury which rendered him "wholly and permanently incapable of work." Compensation was awarded under section 8(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(f)). The employer, Springfield Park District, contends that the injury, if any, was confined to the employee's right arm and that, therefore, compensation is limited to that provided in the schedule for specific losses in section 8(e) of the Act.

(Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)). It is also argued that the finding of complete disability is contrary to the manifest weight of the evidence.

Section 8(e) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)), which, the employer says, should govern here, provides in part: "For accidental injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such accidental injury, under paragraph (b) of this Section, * * * and shall receive in addition thereto such compensation for a further period subject to limitations as to amounts provided in this Section for the specific loss herein mentioned, but shall not receive any compensation under any other provisions of this Act. Unless otherwise specified, the following listed amounts shall apply to either the loss of or the permanent and complete loss of use of the member specified, such compensation for the length of time as follows: * * *." Section 8(f) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(f), which properly was applied, the employee says, provides in part: "In case of complete disability, which renders the employee wholly and permanently incapable of work, compensation [shall be paid] equal to 65% of his earnings but not less than $31.50 nor more than $59 per week [during the period of temporary total incapacity] * * * and thereafter a pension during life annually * * *. Such pension shall be paid monthly." The employer urges that the language "but shall not receive any compensation under any other provisions of this Act," appearing in section 8(e), limits compensation to that provided in the schedule where the injury is confined to one of the specified bodily members. The employee's response is that this language was intended only to preclude a double recovery of compensation under the Act, that is, a recovery under section 8(e) and a recovery of additional compensation for the same injury under some other provision of the Act. His position is that

if an injury in fact renders him permanently and totally disabled he may recover under section 8(f) of the Act, though the injury is restricted to a single bodily member.

While it would appear that the precise issue here has never been before this court, *Wabash Railway Co.* v. *Industrial Com.*, 286 Ill. 194, involved the language of the Act which is concerned here. There an employee who had lost an arm prior to his employment by the railroad suffered an accidental injury which resulted in the amputation of his left leg. At the time of the injury section 8(e) of the Workmen's Compensation Act provided in part: "For injuries in the following schedule, the employee shall receive in addition to compensation during the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, compensation, for a further period, subject to the limitations as to time and amounts fixed in paragraphs (b) and (h) of this section, for the specific loss herein mentioned, as follows, but shall not receive any compensation under any other provision of this Act: * * *." (Laws of 1913, par. 342.) Notwithstanding the language "but shall not receive any compensation under any other provision of the Act," which is also the language of the present Act, this court upheld an award of complete disability under 8(f) of the Act, stating: "By the loss of his leg such capacity as he had for work was entirely destroyed, and under the provisions of the act he was entitled to compensation for total permanent disability." (*Wabash Railway Co.* v. *Industrial Com.*, 286 Ill. 194, 199.) The legislature did amend the Act following the *Wabash Railway* decision and a similarly situated employer is liable to pay compensation only for a loss occurring during his employment of the claimant. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e).) The claimant, however, will receive compensation for permanent total disability, with the difference between the compensation for the loss of the specific member paid by the employer and the com-

plete disability benefit to be paid from a Special Fund created by the Act. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(f).) Thus, consistent with the humane and remedial nature of the Workmen's Compensation Act, we find a continuing expression of legislative concern and intent that an employee who is completely disabled shall be correspondingly compensated under the Act.

Too, we consider that other expressions in the Act reinforce the view that section 8(e) was not intended to be the sole source of compensation for an injury, though confined to a single member, which in fact renders an employee wholly and permanently incapable of work. In section 8(e) itself we find this significant language: "18. The specific case of loss of both hands, both arms, or both feet, or both legs, or both eyes, or of any two thereof, suffered in one accident, or the permanent and complete loss of the use thereof, suffered in one accident, constitutes total and permanent disability, to be compensated according to the compensation fixed by paragraph (f) of this Section. *These specific cases of total and permanent disability do not exclude other cases.*" (Emphasis ours.) Thus, while specified losses of two members or their permanent and complete loss of use are made *per se* a permanent total disability, the Act declares that there may be other instances of complete disability. Also, sections 8(c), which provides compensation for disfigurement, and 8(d), which provides compensation for permanent partial incapacity, contain language specifically prohibiting the payment of compensation under those sections where compensation is payable under section 8(e). (See *D'Amico Macaroni Co.* v. *Industrial Com.*, 44 Ill.2d 519; *R. C. Mahon Co.* v. *Industrial Com.*, 45 Ill.2d 480.) Section 8(f), which provides compensation for complete disability, contains no similar limiting language. The presence of such language in sections 8(c) and 8(d) suggests that had the legislature intended that the schedule of compensation set out in 8(e) for the loss of a single member to

be exclusive it would have inserted limiting language in 8(f). We consider that the expression "but shall not receive any compensation under any other provisions of this Act" does not confine a claimant, who has suffered the loss of a single member, to recovery under section 8(e). An injury to one of the specified members not resulting in complete disability in fact is compensable only under section 8(e). But where that injury causes a permanent and total disability, compensation is available to the employee under section 8(f) of the Act.

The record discloses, considering the other contention of the employer that the finding of the complete disability is contrary to the manifest weight of the evidence, that at the time of the accident the claimant was 62 years of age and in excellent health. He had received eight years of formal education. His prior work experience, which included work as a welder, coal miner, truck driver and automotive mechanic, was all manual in character, requiring the use of both hands and arms. His employment here was limited to the repair of mechanical equipment. As a result of the injury to his right arm, the claimant underwent three operations, but his arm was not restored to use. Pain continues to radiate from fingers of his right hand to and through the elbow and the shoulder. The pain is constant and interferes with sleep. The arm throbs frequently and is extremely sensitive to touch. The hand often swells, limiting the employee's ability to write and otherwise use the hand. He is also unable to grip with the hand.

Dr. William Farney diagnosed the condition as posttraumatic ulnar neuritis and neuralgia, sometimes known as "frozen elbow." The condition, the physician testified, did not substantially change between September 1964, when he first examined the employee, and May 1968, which was just prior to the hearing before the Industrial Commission. In Dr. Farney's opinion, because of this disability, the employee would not be able to pursue any of his previous occupations.

A similar medical opinion was testified to by the surgeon who had performed the operations on the arm. He also testified that the condition described was not "going to improve much from now on."

The claimant did return to work with the employer but after about four months the employer terminated the employment because the employee was unable to perform his duties. During this period, the claimant suffered constant pain in the injured arm.

The decisions of this court show that on the question of permanent disability the Industrial Commission is within its province in considering the extent of the claimant's injury, the nature of his employment, his age, experience, training and capabilities. (See *American Rivet Co.* v. *Industrial Com.*, 34 Ill.2d 69; *Pullman* v. *Industrial Com.*, 356 Ill. 43; *Biker* v. *Industrial Com.*, 328 Ill. 641.) We do not consider the finding of the Industrial Commission contrary to the manifest weight of the evidence. *Electro-Motive Division, General Motors Corp.* v. *Industrial Com.*, 32 Ill.2d 35.

For the reasons given, the judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*