UNITED STATES STEEL CORPORATION, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Earl D. Bray, Appellee).

First District (Industrial Commission Division)   No. 1—84—0432 WC

Opinion filed May 15, 1985.

Rooks, Pitts, Fullagar & Poust, of Chicago (Daniel P. Socha, Storrs W. Downey, and Martin A. Diestler, of counsel), for appellant.

Cornfield & Feldman, of Chicago (Linzey D. Jones, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

On November 30, 1970, while in the course of his employment with the United States Steel Corporation (U.S. Steel), Earl D. Bray fell and sustained an injury to his right wrist. Bray applied for benefits and was awarded compensation under section 8(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)) based on a determination that he had suffered a permanent 30% loss of the use of his right hand. Both Bray and his employer petitioned the Industrial Commission for review of the award. In a decision entered on November 13, 1973, the Industrial Commission affirmed the award. Neither party sought judicial review, and the award was subsequently paid.

On December 27, 1974, Bray made a request pursuant to section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(h)) that the award be reviewed by the Industrial Commission on the ground that his disability had subsequently increased. A hearing was had before the Industrial Commission, and in a decision entered on June 1, 1982, the Industrial Commission awarded Bray total permanent disability benefits. The Industrial Commission further ordered that Bray be paid the sum of $9,726.45 for additional necessary medical expenses incurred subsequent to the initial award. Bray also was awarded interest under section 19(n) of the Worker's Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n)).

Bray's employer, United States Steel Corporation, appeals pursuant to Supreme Court Rule 22(g) (94 Ill. 2d R. 22(g)) from an order of the circuit court of Cook County confirming the Industrial Commission's decision. The employer challenges the award of total permanent disability benefits on several grounds. The employer contends that the Industrial Commission does not have the authority under section 19(h) to modify an award for partial permanent loss of use of the hand to an award for total permanent disability. The employer also urges that both the finding that Bray's disability had increased and the finding that Bray was totally and permanently disabled were contrary to the manifest weight of the evidence. The employer also challenges the award of medical expenses, contending that the Industrial Commission's finding that the additional medical treatment was necessitated by the injury to Bray's wrist was contrary to the manifest weight of the evidence. Finally, the employer challenges the award of interest on the ground that the law in force at the time of Bray's injury did not provide for such an award of interest.

■ We first address the employer's argument that the Industrial Commission has no authority under section 19(h) to modify an award

for partial permanent loss of use of the hand to an award for total permanent disability. The employer's argument is constructed as follows: Section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)) provides in part that "[t]he decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." The review referred to by section 19(f) is that provided under section 19(h). Thus, U.S. Steel contends that, since fraud is not at issue in the instant case, by virtue of section 19(e), the November 13, 1973, decision of the Industrial Commission which awarded Bray compensation based on a determination that he had suffered a permanent 30% loss of the use of his right hand is final, subject only to review in accordance with section 19(h). Section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(h)) provides in part that such an award may "be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended. On such review compensation payments may be re-established, increased, diminished or ended." U.S. Steel urges that, considered together, sections 19(e) and 19(h) operate in such a manner that once the Industrial Commission makes a determination that the job-related injury or illness has resulted in disability, that determination is final as it relates to the existence and the nature of the disability and that on review under section 19(h), the authority of the Industrial Commission is limited to ascertaining whether the disability originally found to exist has recurred, increased, diminished or ended. Thus, U.S. Steel reasons, the Industrial Commission has no authority to alter the essential character of the disability. Applying this statutory construction to the facts of this case, U.S. Steel urges that because the original award was based on the loss of the use of a hand, on review under section 19(h), the authority of the Industrial Commission is limited to making a determination as to a change in the degree of the loss of use. According to the employer, the maximum benefit to which Bray would be entitled would be an award based upon the total permanent loss of the use of the hand under section 8(e).

Apparently, U.S. Steel's position is that Bray's recovery upon review under section 19(h) is limited to 190 weeks of compensation, as that is the amount specified by subparagraph 9 of section 8(e) (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(9)) for the loss of the use of a hand. In support of this position, we are referred to language elsewhere in section 8(e) which states that an injured employee "shall not

receive any compensation under any other provision of this Act." The employer concludes that this language prohibits compensation for total permanent disability, because that compensation is governed by another provision, section 8(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(f)).

A similar argument was made to and rejected by our supreme court in *Springfield Park District v. Industrial Com.* (1971), 49 Ill. 2d 67, 273 N.E.2d 376. It is noteworthy that language contained within section 8(e) itself permits an award of total permanent disability benefits for the loss of the use of a hand. Paragraph 18 of section 8(e) provides in part:

> "The specific case of loss of both hands, both arms, or both feet, or both legs, or both eyes, or of any two thereof, suffered in one accident, or the permanent and complete loss of the use thereof, suffered in one accident, constitutes total and permanent disability, to be compensated according to the compensation fixed by paragraph (f) of this Section. These specific cases of total and permanent disability do not exclude other cases." (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(18).)

In *Springfield Park District v. Industrial Com.* (1971), 49 Ill. 2d 67, 273 N.E.2d 376, this language was construed to grant the Industrial Commission authority to award total permanent disability benefits based upon the loss of the use of an arm. The presence of the above-quoted language within section 8(e) was seen as excepting compensation for total permanent disability under section 8(f) from the ban on the award of compensation under any other provisions of the Act. The supreme court also noted the absence of any language in section 8(f) similar to that found in sections 8(c) and 8(d), which specifically prohibited the payment of compensation under those sections if compensation was paid under section 8(e). 49 Ill. 2d 67, 71-72, 273 N.E.2d 376, 378-79.

*Springfield Park District v. Industrial Com.* (1971), 49 Ill. 2d 67, 273 N.E.2d 376, involved an appeal from a judgment of the circuit court which confirmed a decision by the Industrial Commission made by the Industrial Commission on review under section 19(e). The instant appeal involves a judgment of the circuit court which confirmed a decision of the Industrial Commission made by the Industrial Commission on review under section 19(h). U.S. Steel urges that, unlike a review proceeding under section 19(e), on review under section 19(h), the Industrial Commission is bound by the conclusiveness of the earlier decision by virtue of section 19(f), in this case a decision which awarded compensation under the provisions of section 8(e). Under the

provisions of section 19(h), the Industrial Commission's inquiry is limited to a determination on the single issue of whether the disability has recurred, increased, diminished or ended subsequent to the original finding. (*De Bartolo v. Industrial Com.* (1940), 375 Ill. 103, 106, 30 N.E.2d 677, 679.) U.S. Steel contends that by modifying the award for partial permanent disability under section 8(e) to an award for total permanent disability under section 8(f), the Industrial Commission has exceeded its authority merely to determine whether Bray's disability has increased. U.S. Steel's position is that the award of compensation for total permanent disability benefits, because such compensation is governed by a different section of the Act than the original award, constitutes an impermissible change in the determination of the existence and the nature of Bray's disability. We reject this argument.

The statute permits the Industrial Commission to determine whether an increase in disability has occurred and to adjust the compensation therefor accordingly. The Industrial Commission has done nothing more here than to determine that Bray's disability increased from partial permanent disability to become total permanent disability and to adjust his compensation accordingly. An award of total permanent disability benefits under section 8(f) cannot be viewed as inconsistent with section 8(e), particularly where section 8(e) expressly authorizes such an award. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(18).) We therefore hold that the Industrial Commission may, on review under section 19(h), modify an award for partial permanent loss of use of the hand to an award for total permanent disability if the Industrial Commission finds that there has been the appropriate increase in disability since the original award.

■■■ The Industrial Commission found that Bray had suffered additional disability from his injury and that as a result thereof was totally and permanently disabled. U.S. Steel disputes both findings as being contrary to the manifest weight of the evidence. Under section 19(h) of the Workmen's Compensation Act, the Industrial Commission was required to determine whether Bray's disability had "recurred, increased, diminished or ended" since the original award. (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(h).) The change in condition must be a material one. (*Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 236, 388 N.E.2d 380, 382.) This determination is an issue of fact. (*Howard v. Industrial Com.* (1982), 89 Ill. 2d 428, 431, 433 N.E.2d 657, 659.) It is within the province of the Industrial Commission to resolve conflicts in the evidence and to draw reasonable conclusions and inferences from the evidence; and this court will not set aside the In-

dustrial Commission's findings of fact unless they are manifestly against the weight of the evidence. (*McLean Trucking Co. v. Industrial Com.* (1983), 96 Ill. 2d 213, 219, 449 N.E.2d 832, 835; *De Bartolo v. Industrial Com.* (1940), 375 Ill. 103, 106-07, 30 N.E.2d 677, 679.) On review under section 19(h), the Industrial Commission is required to consider the evidence offered and the finding made on the first inquiry, together with such additional evidence as may be offered touching on whether the disability has changed. (*Howard v. Industrial Com.* (1982), 89 Ill. 2d 428, 430-31, 433 N.E.2d 657, 659; *De Bartolo v. Industrial Com.* (1940), 375 Ill. 103, 106, 30 N.E.2d 677, 679.) At the time of the original award herein, Bray was able to work, was employed, and continued to be so until July 24, 1974. On that date Bray noticed pain, swelling, sweating, and hot and cold sensations in his right hand. He reported to his employer's doctor, who referred Bray to a doctor who had treated Bray's hand following the original injury. Bray has not worked since that time and has continued to receive medical treatment for the pain. There is medical testimony in the record which, although not uncontradicted, indicates that, because of his present condition, Bray is unable to work. As such, we do not believe that the Industrial Commission's finding that Bray's disability had increased is contrary to the manifest weight of the evidence.

Likewise, there is sufficient evidence in the record to support a finding that Bray is totally and permanently disabled. A person is totally disabled when that person cannot perform any services for which a reasonably stable labor market exists. (See *E.R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 361-62, 376 N.E.2d 206, 210.) In determining whether a person is capable of performing any such services, the Industrial Commission is required to consider the age, training, education and skills of that person, as well as the extent of the injury and the nature of his employment. The person does not have to be reduced to a status of total incapacity before total and permanent disability compensation may be awarded. Furthermore, where that person makes a *prima facie* showing of total and permanent disability, the burden shifts to the employer to show that there were jobs available that that person could perform without endangering life or health. *Caradco Window & Door v. Industrial Com.* (1981), 86 Ill. 2d 92, 100-01, 427 N.E.2d 81, 84; *E.R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353, 362-63, 376 N.E.2d 206, 210.

In the case at bar, the Industrial Commission found that Bray had established a *prima facie* showing of permanent disability so that the burden to prove that suitable work was available shifted to the

employer. The Industrial Commission held that the employer had failed to meet that burden. The record indicates that Bray is 48 years of age. He has an eighth-grade education and no special training. He scored very poorly in all skill testing except mechanical aptitude, where he scored average. Bray could be classified as borderline mentally retarded. He was thus found to be suited for only heavy unskilled or semiskilled work similar to the type of work he was performing at the time of the injury to his wrist. He has since attempted and has been unable to obtain such employment. His employer, which has such work available, has declined to hire him. In view of this evidence, we do not consider the Industrial Commission's finding of total and permanent disability to be contrary to the manifest weight of the evidence.

■■ U.S. Steel next challenges the order of the Industrial Commission that Bray be paid the sum of $9,726.45 for additional necessary medical expenses incurred subsequent to the original award. Section 8(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(a)) provides that the employer is liable for all medical expenses reasonably required to cure or relieve the effects of the injury, and this obligation continues even after the original award. (*Efengee Electrical Supply Co. v. Industrial Com.* (1967), 36 Ill. 2d 450, 223 N.E.2d 135.) The employer does not dispute the existence of this liability but, rather, argues that the treatment Bray received was not reasonably required to relieve the effects of the original injury. The Industrial Commission found otherwise. The Industrial Commission's finding in this regard will not be disturbed unless against the manifest weight of the evidence. (See *Barricks Corp. v. Industrial Com.* (1969), 44 Ill. 2d 9, 13, 253 N.E.2d 364, 367.) The Industrial Commission's finding is not against the manifest weight of the evidence, in view of the fact that the evidence in the instant record includes ample medical testimony to the effect that the medical expenses incurred were as a result of treatment reasonably necessary to cure or relieve the effects of the original injury to Bray's wrist.

■■ U.S. Steel's final challenge is directed at the Industrial Commission's award of interest under section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n)). Effective on July 1, 1975, the General Assembly amended the Act to add the following provision:

"(n) All decisions of the Industrial Commission confirming or increasing an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued.

However, the employer or his insurance carrier may tender the payments due under the award to stop the further accrual of interest on such award notwithstanding the prosecution by either party of review, certiorari, appeal to the Supreme Court or other steps to reverse, vacate or modify the award." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).)

U.S. Steel argues that because the provision was not in effect at the time of Bray's original injury, it should not be applied in this case. (See *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, 394 N.E.2d 1173.) We agree that section 19(n) should not be applied in this case, but for reasons other than those advanced by the employer.

We conclude that section 19(n) was intended to apply to decisions of the Industrial Commission on review under section 19(e) and not to decisions in proceedings brought under section 19(h), as was the instant case. A proceeding under section 19(h) involves the review by the Industrial Commission of an award on the grounds that the disability of the employer has recurred, increased, diminished or ended since the original award. Such proceedings are commenced by petition directly to the Industrial Commission; and there is no arbitrator's award to be confirmed or reduced or increased. Any adjustment made to an employee's compensation payments is based on a change in condition occurring after the original award, and the existence of such a change is determined by the Industrial Commission without the intervention of the proceedings before the arbitrator. The right to the additional compensation accrues only after the award of the Industrial Commission. Section 19(n) has been construed as to not entitle an employee to interest upon payments which accrue after the arbitrator's award (*Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 21, 416 N.E.2d 745, 747); therefore, there are no grounds for the award of interest in the case at bar. Our conclusion in this regard also draws support from the fact that, because the ultimate adjustment in compensation, if any, is not known until the Industrial Commission rules, it is impossible for an employer to make tender thereof as provided in section 19(n) in order to terminate the accrual of interest. The award of interest prior to the entry of that award is impermissible. *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 262-63, 326 N.E.2d 744, 748.

Bray argues that the issue regarding interest is waived, since it was raised for the first time on appeal to this court. An issue waived for the first time on appeal is ordinarily waived (*Illinois Forge, Inc. v. Industrial Com.* (1983), 95 Ill. 2d 337, 343-44, 447 N.E.2d 1337, 1340); however, due to the nature of the question in-

volved, we have decided to address the employer's contentions.

For the reasons stated, that portion of the judgment of the circuit court of Cook County which confirmed the Industrial Commission's award of interest under section 19(n) is reversed, and that portion of the Industrial Commission's decision is set aside. The remainder of the circuit court's judgment is affirmed.

Affirmed in part; reversed in part.

WEBBER, P.J., and BARRY, LINDBERG, and McNAMARA, JJ., concur.