PAULINE APER, Plaintiff-Appellant and Cross-Appellee, v. NATIONAL UNION ELECTRIC CORPORATION, Defendant-Appellee and Cross-Appellant.

Fourth District   No. 4—87—0532

Opinion filed February 3, 1988.

James Walker, Ltd., of Bloomington, for appellant.

Arthur R. Kingery, of Law Offices of Strodel, Kingery & Durree, Associated, of Peoria, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g)) permits a party possessed of a workers' compensation award not subject to further review and not against the State to petition the circuit court for a judgment on the award. If the party responsible for the award "refuses to pay compensation according to such final award," the circuit court may also award the petitioner reasonable attorney fees for both the administrative proceedings in obtaining the award and the section 19(g) proceeding, and, also, reasonable costs (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g)). The purpose of section 19(g) is to provide a recipient of compensation a method of enforcing its award, because the Industrial Commission (Commission) has no power to do so.

On June 1, 1987, plaintiff Pauline Aper filed a petition under section 19(g) against defendant National Union Electric Corp. (Eureka) in the circuit court of McLean County seeking: (1) judgment on several awards she had received in a consolidated proceeding from the Commission, as finally modified by the decision of the Industrial Commission Division of the appellate court of this district; (2) interest on the awards; and (3) "reasonable costs and attorney's fees in the proceedings before the Commission." The parties agree that, as modified, these awards consisted of $220 for medical expenses and $16,281.08 for compensation, thus creating a total of $16,501.08.

After issue was drawn and a hearing held, the circuit court entered judgment in favor of plaintiff and against defendant as follows: (1) $220 for medical expenses; (2) $16,281.08 for compensation; and (3) $2,842.47 for interest on the compensation award. The interest was calculated at the rate of 9% annually, compounded annually beginning on November 25, 1985, when the Commission made the award. The circuit court ruled that interest was available only as to the compensation award and not for medical expenses. The court refused to allow any attorney fees. Defendant has appealed contending plaintiff was not entitled to interest. Plaintiff has cross-appealed

contending: (1) she was entitled to interest from the date of the arbitration award; and (2) she was entitled to reasonable costs and attorney fees. We modify the award of interest to also award interest from the date of the arbitration award to the time of the Commission award and, as modified, affirm that award. We affirm the portion of the judgment denying costs and attorney fees.

■ The question of whether plaintiff was entitled to interest depends in part upon the meaning and application of section 19(n) of the Act and section 2—1303 of the Code of Civil Procedure (Code) at times pertinent. Section 19(n) then provided in part:

"All decisions of the Industrial Commission *confirming or increasing* an award entered by an arbitrator of the Commission shall bear interest at the rate of 6% per annum from the date of the arbitrator's award on all compensation accrued." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(n).)

Section 2—1303 of the Code stated, except under circumstances not applicable here, "*[j]udgments* recovered before any *court* shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110, par. 2—1303.

Prior to the enactment of section 19(n) of the Act, the supreme court had held that, despite the reference to judgments recovered in courts in section 3 of the Interest Act (Ill. Rev. Stat. 1967, ch. 74, par. 3), which was predecessor to and contained similar language to section 2—1303 of the Code, recipients of workers' compensation awards for compensation were entitled to interest at the rate set forth in section 3 of the Interest Act *from the date of the arbitration award.* (*Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, citing Ill. Rev. Stat. 1967, ch. 74, par. 3.) Subsequent to the enactment of section 19(n) of the Act, this court held that when an arbitration award is upheld by the Commission, the recipient is entitled under section 19(n) to interest on a lump sum award for temporary total disability and a portion of the award for permanent partial disability, but for no interest on the portion of the award for medical expenses or upon the periodic payments ordered. *Folks v. Hurlbert's Wholesale Siding & Roofing, Inc.* (1981), 93 Ill. App. 3d 19, 416 N.E.2d 745.

Here, the $16,281.08 compensation award for plaintiff was reduced by the Commission. Thus, the Commission did not *confirm* or *increase* the arbitration award as expressly required by section 19(n) of the Act as a necessary element for the award to come within the coverage of section 19(n). The issue is thus presented as to whether

the effect of section 19(n) is (1) to preclude the accruing of interest on the award, or (2) to leave such an award in the situation in which it would have been before the enactment of section 19(n). If the latter were the case, so much of the arbitration award as was ultimately upheld would draw interest at the rate of 9% from the time of the arbitration award.

The foregoing alternatives are the only possible interpretations, yet neither creates a sensible format for determination as to the award of interest on compensation awards under the Act. If the first alternative is applied, plaintiff is entirely deprived of interest although only a slight reduction was made in the award. If the latter alternative is applied, plaintiff receives interest at the rate of 9% per annum while, if the Commission had upheld all of the award, she would have received interest only at the rate of 6% per annum. Fortunately, section 19(n) has been clarified to now state in part:

> "After June 30, 1984, decisions of the Industrial Commission reviewing an award of an arbitrator of the Commission shall draw interest at a rate equal to the yield on indebtedness issued by the United States Government." Ill. Rev. Stat. 1985, ch. 48, par. 138.19(n).

No case directly in point on the question arising under former section 19(n) of awards of interest when the Commission reduces an award of compensation has been called to our attention, and we have found no such case. Two decisions of the Industrial Commission Division of the appellate court shed some light on the question, although they also illustrate the intricacy of the problem involved. These cases are *United States Steel Corp. v. Industrial Comm'n* (1985), 133 Ill. App. 3d 811, 478 N.E.2d 1108, (*Bray* I), and *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045 (*Bray* II).

In 1970, Earl D. Bray received a compensable injury. He then obtained an award from an arbitrator which was affirmed by the Commission and paid by the employer. In 1974, Bray petitioned the Commission pursuant to section 19(h) of the Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(h)) for review on the basis that his disability had increased. Section 19(h) provides for such procedure, but the action originates with a petition brought before the Commission and the arbitrator is not involved. The Commission awarded Bray additional compensation, additional medical expenses, and *interest*. The circuit court upheld the award and appeal was taken with the employer raising, among other issues, the question of the propriety of the interest award, in that section 19(n) was not complied with because no award of an arbitrator was involved. The court held that no interest should

have been awarded because: (1) section 19(n) had been construed to prohibit interest on payments which accrue after the arbitration award; and (2) the employer had no way of knowing what it was required to pay until the Commission had determined the additional amount of compensation to be awarded. *United States Steel Corp. v. Industrial Comm'n* (1985), 133 Ill. App. 3d 811, 478 N.E.2d 1108.

After the appellate court decision in *Bray* I, Bray brought an action in the circuit court of Cook County, as here, under section 19(g) of the Act seeking a judgment on his award and *interest* at 9% per annum from the date of the Commission's additional award. The court awarded the judgment with interest, and the case was sent to the Industrial Commission Division of the appellate court, which affirmed. (*Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d 87, 513 N.E.2d 1045.) The court reasoned that section 19(n) of the Act and section 2—1303 of the Code must be considered *in pari materia*. The court noted that prior to enactment of section 19(n) of the Act, interest could only be awarded by proceedings under section 19(g) of the Act in the circuit court. The court then described the purpose of section 19(n) as permitting an award of interest to those claimants who came within its purview, without the necessity of a section 19(g) proceeding. The court deemed the argument of the employer that the determination of *Bray* I that the plaintiff was not entitled to interest had been waived by not being properly raised before the circuit court.

Despite the confusion existing in regard to this intricate problem, we see a strong expression of public policy that recipients of compensation awards, who are not to be paid in periodic amounts, receive interest on those awards accruing prior to the reduction of those awards to judgments. Otherwise, courts would not have strained the reference to courts in section 3 of the Interest Act to include Industrial Commission awards. We agree with the opinion in *Bray* II to the extent that it found the language of section 19(n) of the Act lacked sufficient clarity to show an intent to deprive claimants, whose awards did not meet its requirements, of interest to which they would otherwise have been entitled. Thus, we uphold the action of the circuit court here in awarding interest to plaintiff. However, the parties agree that if interest is to be allowed, under a construction of the holding in *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 276 N.E.2d 342, that interest must start to accrue on the date of the arbitrator's award rather than that of the Commission.

■ Finally, we turn to the question of attorney fees and costs requested by plaintiff. Section 19(g) of the Act provides that upon entering judgment upon an award which "the employer refuses to pay" the

court shall tax as costs reasonable costs and attorney fees for both the "arbitration proceedings" and those in the court. (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g).) In *Wirth v. Industrial Comm'n* (1976), 63 Ill. 2d 237, 347 N.E.2d 136, a defendant to a similar proceeding under section 19(g) tendered a check for the full amount of the compensation within 60 days of the mandate of the reviewing court upholding the award, but refused to pay interest which the employer was ultimately required to pay. The supreme court concluded that the interest had been held back because of uncertainty as to whether it was payable and the circuit court was, thus, not in error in denying payment of fees and costs.

The situation here is almost completely analogous to that in *Wirth*. Here, the mandate of the appellate court upholding the award issued May 26, 1987. On June 3, 1987, defendant sent a check to plaintiff in the sum of $16,501.08, which covered in full the amount of the various awards without interest. Defendant also indicated a willingness to pay interest if plaintiff would state the amount, but later took a position that no interest was due. Because of the uncertainties of section 19(n) as it then stood, the question of interest was more uncertain here than in *Wirth*.

Several appellate court decisions have reached results that seem to be somewhat inconsistent with *Wirth*. In *Bray* II, the employer had paid the compensation award in full before the section 19(g) petition was filed, and the plaintiff's request was only for interest and attorney fees, yet the appellate court upheld an award of attorney fees. The opinion does not indicate that any argument was raised as to the propriety of attorney fees if interest were due. Perhaps, as with the *res judicata* question, the issue was not properly raised. In *Kuhl v. Industrial Comm'n* (1986), 147 Ill. App. 3d 519, 498 N.E.2d 240, the Industrial Commission Division sitting in the Third District Appellate Court held that the circuit court erred in not awarding attorney fees in a section 19(g) proceeding. There, the employer had made several tenders of less than the amount of compensation found due before finally making a tender which included the full amount of compensation but less than the amount of interest due. There, as here, the award of the arbitrator had been *reduced* rather than *confirmed* or *increased* as described in the then section 19(n) of the Act. Nevertheless, the employer agreed on appeal that section 19(n) was applicable to the award. Thus, there, unlike here, the employer conceded that interest was due and also conceded the formula by which it was to be computed. See also *Smith v. Gen Co. Corp.* (1973), 11 Ill. App. 3d 106, 296 N.E.2d 25.

The cited appellate court decisions have some distinguishing characteristics from this case. In any event, we deem the supreme court precedent of *Wirth* to control. The circuit court's denial of attorney fees was justified.

As indicated, we affirm the judgment of the circuit court to the extent that it (1) reduced to judgment the compensation award of $16,281.08 and medical expense award of $220, (2) denied costs and attorney fees, and (3) provided for interest. We· vacate the portion of the judgment which found the interest due to be $2,842.47 and remand to the circuit court of McLean County for a recomputation of interest, which should be accrued from the date of the arbitrator's award, but to be computed on the amount ultimately determined to be due for compensation, the sum of $16,281.08. No interest is to be awarded in regard to the $220 medical expense award.

Affirmed in part; vacated in part and remanded with directions.

McCULLOUGH and LUND, JJ., concur.