BRIGGS MANUFACTURING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Doreen Miller, Appellee).

Third District (Industrial Commission Division)   No. 3—88—0638WC

Opinion filed October 13, 1989.—Rehearing denied May 20, 1991.

David B. Mueller, of Cassidy & Mueller, of Peoria, for appellant.

Gregory J. Saunders, of Perz, McGuire, Condon & Ridge, of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The circuit court confirmed the Industrial Commission's (Commission's) decision to award the petitioner, Doreen Miller, 45⁵/₇ weeks of additional temporary total disability (TTD) benefits under section 8(b) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(b)). The respondent, Briggs Manufacturing Company, appeals.

The record shows that on February 24, 1981, the petitioner injured her back when a wet toilet bowl slipped from her hands while she was working for the respondent. As a result of her injury, she was off work until June 28, 1981. After returning to work on June 28, the petitioner resumed her regular duties until she was laid off due to a general layoff on October 3, 1981. Pursuant to section 8(b) of the Act, the arbitrator awarded the petitioner TTD benefits of $159.73 per week for 17²/₇ weeks. On review, the Commission in a decision issued December 28, 1983, modified the arbitrator's award and found under section 8(d)(2) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(d)(2)) that the petitioner was permanently partially disabled to the extent of 2%. The Commission further awarded the petitioner $218.25 for necessary medical expenses and approved the award of 17²/₇ weeks for temporary total disability.

Following the general layoff, the petitioner was called back to work for the respondent under light duty restrictions on January 27, 1983. Around December 7, 1984, she was again laid off, this time because of her medical restrictions. The petitioner testified that she looked for work once a week, but was unable to find a job until October 31, 1985, when she began working for Lamont Limited doing "light work." During this time the petitioner noticed that she still had problems with her back. She received some pain medication from her doctor on December 12, 1985. The petitioner worked at Lamont Limited until December of 1985 and then left because of a wage cut. She subsequently took a job as a waitress.

On December 10, 1984, the petitioner filed a petition pursuant to sections 19(h) and 8(a) of the Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.19(h), 138.8(a)) alleging that in the period since the Commission's decision she had been further temporarily and totally disabled, that her permanent disability had increased, and that she was entitled to recover additional medical expenses. On May 13, 1987, the Commission entered an order finding that the petitioner had failed to prove she had sustained a material increase in her permanent disability, but that she was entitled to additional TTD benefits of 45⁵/₇ weeks and $400 of additional medical expenses. The circuit court confirmed the Commission's decision.

The sole issue presented on appeal is whether the Commission's award of permanent partial disability benefits precluded an award of additional TTD benefits in a subsequent proceeding.

Section 8(b) of the Act provides that TTD benefits are to be paid "as long as the total temporary incapacity lasts." (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(b).) In the case at bar, the question thus becomes at what point if any did the petitioner's temporary total incapacity end.

▪ It is well settled that TTD benefits are available only from the time an employee is injured until he has recovered as much as the character of his injury will permit. (*Archer Daniels Midland Co. v. Industrial Comm'n* (1988), 174 Ill. App. 3d 918, 529 N.E.2d 237.) Temporary incapacity might be described as the period of the healing process. (*Mt. Olive Coal Co. v. Industrial Comm'n* (1920), 295 Ill. 429, 129 N.E. 103.) Once the Commission concludes that the petitioner's condition has stabilized and that the permanent nature of the injury can be assessed, an award of temporary total disability is no longer appropriate under section 19(h). (*Howard v. Industrial Comm'n* (1980), 81 Ill. 2d 50, 405 N.E.2d 750.) Whether an employee has sustained an injury which renders him permanently disabled is a question

of fact to be resolved by the Commission. *Howard v. Industrial Comm'n* (1980), 81 Ill. 2d 50, 405 N.E.2d 750.

■ Applying the above principles to the facts of the instant case, we find that the Commission erred in awarding the petitioner further TTD benefits after it found her permanently disabled. The Commission's finding on December 28, 1983, that the petitioner was permanently disabled to the extent of 2% was tantamount to a decision that she had recovered as much as the character of her injury would permit. Further, the Commission's finding of permanent disability was a final order, and a subsequent court cannot question its propriety. (*De Bartolo v. Industrial Comm'n* (1940), 375 Ill. 103, 30 N.E.2d 677.) It therefore was improper under the Act and its interpretory case law for the Commission to award the petitioner TTD benefits for the period following the stabilization of her injury.

The petitioner makes a policy argument that TTD benefits under section 8(b) of the Act should be allowable even after a finding of permanency. She contends that it is incongruous to allow an injured worker further medical expenses and not allow her additional TTD benefits.

■ The petitioner's arguments are unpersuasive. One of the purposes behind holding that the period of TTD should not be permitted to include any part of that period after the incapacity has become permanent is that an allowance for TTD is not deductible from an allowance for permanent partial disability or total permanent disability. (*Western Cartridge Co. v. Industrial Comm'n* (1934), 357 Ill. 29, 191 N.E. 213.) Moreover, permanent disability payments are not dependent on actual, proven wage loss, but rather the effect on earning capacity is conclusively presumed. (2 A. Larson, Workmen's Compensation §58.11, at 10—323 to 10—324 (1987).) Accordingly, the Commission should not have awarded additional TTD benefits.

We therefore reverse the circuit court's confirmation of the Commission's finding that the petitioner was entitled to 45⁵/₇ weeks of additional temporary total disability benefits under section 8(b) of the Act. The remainder of the circuit court's decision is affirmed.

The judgment of the circuit court of Knox County is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.