(No. 31109.—

FLOYD WEYMER, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THOMAS HAMILTON, Plaintiff in Error.)

*Opinion filed November 22, 1949.*

WILLIAM H. BECKWITH, of Peoria, for plaintiff in error.

EARL S. HODGES, (MAURICE W. KEPNER, of counsel,) both of Springfield, for defendant in error.

Mr. JUSTICE DAILY delivered the opinion of the court:

This cause is here on writ of error to review the judgment of the circuit court of Logan County vacating and setting aside a decision of the Industrial Commission which awarded compensation to Thomas Hamilton, the plaintiff in error, at a hearing conducted under the provisions of section 19(h) of the Workmen's Compensation Act. Ill. Rev. Stat. 1947, chap. 48, par. 156(h).

Hamilton, a painter employed by Floyd Weymer, was injured on August 28, 1945, when he fell from a ladder while at his employment. He was sixty-one years of age at the time and suffered fractures of the pelvis and of the right ischium. He filed an application for adjustment of claims, seeking compensation for temporary total incapacity because of his accident, and for permanent partial disability on the theory that his injury had caused an arthritic condition which prevented him from working. The arbitrator awarded compensation for temporary total incapacity, but specifically found that there was no causal connection between the industrial accident and the alleged permanent disability. The cause was submitted to the Industrial Commission for review solely on the record made before the arbitrator, and that body set his decision aside and awarded compensation for both temporary total incapacity and permanent partial disability, finding that there was a causal connection between the accident and the alleged disability. On *certiorari* the circuit court of Logan County, on June 26, 1947, affirmed the award for temporary total incapacity but set aside the award for disability, finding that the decision of the commission with respect

to the latter was against the manifest weight of the evidence. This judgment of the circuit court became final when no review of it was sought.

On September 27, 1947, three months later, Hamilton filed a petition with the commission alleging that subsequent to the proceedings theretofore had in the cause, his disability had recurred and increased, for which reason he requested a further hearing as provided for in section 19(h) of the Workmen's Compensation Act. Such a hearing was held and evidence was introduced on behalf of both parties. Again the commission found that there was a causal relation between the accident and the alleged disability; further found that since the judgment of the circuit court the claimant had been rendered wholly and permanently disabled thereby; and awarded appropriate compensation. *Certiorari* proceedings were again instituted in the circuit court by the employer, the defendant in error here, and again that court, on February 19, 1949, reversed the decision of the commission as being against the manifest weight of the evidence. It is this judgment which is sought to be reviewed by this writ of error.

At the outset the first question raised by this record is whether or not the commission had, in this instance, jurisdiction to conduct a hearing under section 19(h) of the act. The statute provides the following: "An agreement or award under this Act providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the industrial commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended; and on such review compensation payments may be reestablished, increased, diminished or ended: * * *." In construing this section we have held that a prerequisite to a hearing under section 19(h) is a previous agreement or award, and that for either to exist there must have been

an admission by the employer, or a determination by the Industrial Commission, that the disability for which the employee claims, arose out of an industrial accident. (*Madsen* v. *Industrial Com.* 383 Ill. 590; *Stromberg Motor Device Co.* v. *Industrial Com.* 305 Ill. 619.) In the present case there was no agreement, nor was there an award, for, at the original proceeding, it was judicially determined by the circuit court that there was no causal connection between the industrial accident and the disability for which compensation was sought, and the award made by the commission was set aside. That determination became final and binding on the parties when plaintiff in error sought no review of it. Thus neither of the prerequisites existed as to the disability for which compensation was sought when the petition under section 19(h) was filed.

Plaintiff in error takes the position that the finding of causal connection by the commission is conclusive and alone controls his right for a review under section 19(h). Of the subsequent reversal by the circuit court he says: "neither the decision of the Arbitrator which preceded that finding [of the commission] nor the judgment of the Circuit Court of Logan County which set aside that finding are of significance or merit consideration." It is true that section 19(f) of the act states that "The decision of the industrial commission acting within its powers, * * * shall, in the absence of fraud, be conclusive," but plaintiff in error ignores the balance of the section which states "unless reviewed as in this paragraph hereinafter provided." Paragraphs (f)(1) and (f)(2) of section 19 provide for review by *certiorari* by the circuit court of any county or certain city courts, which are empowered to confirm or set aside the decision of the Industrial Commission, and to either enter the decision justified by law or to remand to the commission for further proceedings. That the statute confers such powers on the circuit court has been determined by many decisions of this court. In the

case of *City of Chicago* v. *Industrial Com.* 363 Ill. 298, wherein a proceeding under section 19(h) was in issue, it was pointed out, at page 301, that the commission's award or decision became final "where no review in the courts is sought in the manner prescribed by the act." Here a review was sought, and the circuit court held that there was insufficient evidence to support the finding that the industrial accident had caused the disability, and the award for such disability was set aside. No review was sought by plaintiff in error of that judgment of the circuit court, thus it became the final determination of the issue, binding on the parties and the commission. When plaintiff in error filed his petition under section 19(h) there was neither an agreement nor an award relating to the disability for which compensation was sought, thus nothing for the commission to review. It could not, on such review, conclusively find that there was a causal connection between the injury and the disability, for such question was rendered *res judicata* by the former judgment of the circuit court.

In closing, it should be noted that during the hearing on the petition under section 19(h), counsel for plaintiff in error stated that he had gone no further (from the circuit court) in the first proceeding because he "thought it would be easier to come in under 19(h)  *  *  *  there was a changed condition." We know of nothing in the Workmen's Compensation Act, nor has such authority been cited, whereby a petition under section 19(h) can be used to obtain the same result as a review, *i.e.,* a reversal of the judgment of the circuit court. We conclude that since there was no previous agreement or award to be reviewed here, the commission was without jurisdiction to entertain the petition filed under section 19(h). For this reason, the judgment of the circuit court of Logan County, entered February 19, 1949, is affirmed.

*Judgment affirmed.*