(No. 44506.-

ZIMMERLY CONSTRUCTION COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Charles G. Montgomery, Appellee.)

*Opinion filed January 28, 1972.*

KEEFE and DE PAULI, of East St. Louis, for appellant.

ROSCOE D. CUNNINGHAM of GOSNELL, BENECKI & QUINDRY, LTD., of Lawrenceville, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The Zimmerly Construction Company has appealed from a judgment of the circuit court of Lawrence County, which *inter alia* affirmed an award of the Industrial Commission in favor of Charles Montgomery, an employee of the appellant, for total and permanent disability.

Montgomery suffered a back injury on June 10, 1964, when he fell from a truck in the course of his employment and he filed an application for adjustment of his claim before the Industrial Commission. An arbitrator awarded him $52 per week for 42 weeks of temporary total disability and $52 per week for 60 weeks for a fracture of one or more vertebral bodies. When the case was on review before the Industrial Commission, the employer first learned that the employee had been hospitalized by his own physician and that a laminectomy and a spinal fusion had been performed. The employer had provided medical services for Montgomery and he had not notified the employer of the surgery nor had he requested additional medical care from the employer. After the taking of additional testimony and argument the Commission on April 27, 1967, increased the temporary disability compensation from 42 weeks to 64 weeks. The Commission found, too, that the employee was entitled to compensation based on a 25% permanent loss of the use of his right leg and on a 25% permanent loss of the use of his left leg. It affirmed that he was entitled to $52 per week for 60 weeks for a fracture of one or more vertebral bodies. The employee's claim for reimbursement for the expenses of the laminectomy and spinal fusion was denied.

The circuit court of Lawrence County affirmed the decision of the Commission in December 1967. No appeal was taken from this affirmance. Claiming that his disability had changed subsequent to the award by the Commission, the employee, on March 29, 1968, filed a petition under section 19(h) of the Workmen's Compensation Act for

review of the award. At the hearing the Commission decided that the claimant had failed to prove a change of condition since April 27, 1967, the date of the Commission's original award. On *certiorari* a judge of the circuit court of Lawrence County held that the decision of the Commission was contrary to the manifest weight of the evidence. (The judge was not the one who had reviewed the first award of the Commission.) The circuit court ordered the Commission to enter an award for total and permanent disability and also ordered the Commission to award compensation for the expenses the employee incurred for the laminectomy and spinal fusion. The Commission complied with the court's directions and the circuit court affirmed. This appeal followed.

The employer correctly contends that the circuit court erred in directing the Commission to award the claimant the expenses of the laminectomy and spinal fusion. The claim had been considered by the Commission and denied in the original proceeding prior to Commission's decision on April 27, 1967. The denial was affirmed by the circuit court.

A petition for review of an award under section 19(h) of the Workmen's Compensation Act (Ill.Rev.Stat. 1967, ch. 48, sec. 138) is not a proceeding which will allow the reversal of a decision of the Industrial Commission or of a judgment of the circuit court. *(Weymer v. Industrial Com., 404 Ill. 271, 274, 275; Belleville Brick and Tile Co. v. Industrial Com., 305 Ill. 577, 579.)* The purpose of a 19(h) proceeding is to determine whether a disability has changed subsequent to an award or agreed settlement. The original award or settlement is not to be brought in question, for it must be considered final. The evidence in the original hearing will be considered along with the new evidence only to determine whether the condition existing at the time of the award has changed. *(Weymer v. Industrial Com., 404 Ill. 271, 274, 275; Belleville Brick and Tile v. Industrial Com., 305 Ill. 577, 579.)* The denial

here of the claim for the surgical expenses on the first review by the circuit court made the question *res judicata.* It could not be properly maintained thereafter. *Weymer v. Industrial Com., 404 Ill. 271.*

We consider that the employer is also correct in his argument that the circuit court erred when it reversed the Commission's decision that it had not been proved that the employee's disability had increased and directed the Commission to enter an award for total and permanent disability.

The evidence offered by the employer and the employee before the Commission during the review was conflicting. The employee testified to increased pain in the legs, neck and left arm and inability to work. The evidence of his physician included the statement that he had developed greater limitation in the motion of his neck and hypesthesia or numbness in the left arm. His opinion was that the claimant was totally, though not necessarily permanently disabled. He had not seen the patient between September 1966, which was prior to the first award of the Commission, and May 1968, which was after the employee had filed for a review. It appears that the employee had not consulted any other physician from the time of the first award until after his petition for review had been filed, other than to secure medication for pain. The employer's doctor who examined the employee found that there had not been "much" change in the condition of the employee. His view was that his neck motion may be more restricted, but he based this on the employee's complaints. He said he found nothing objectively to support it. The employer's medical witness was of the opinion that the patient did not require additional treatment and that he was able to and should return to work.

In a section 19(h) proceeding the question is whether "the disability of the employee has subsequently recurred, increased, diminished or ended." The change in condition

must be a material one. *(De Bartolo v. Industrial Com., 375 Ill. 103.)* It is our firm rule that it is the function of the Industrial Commission to resolve factual questions and that a court will not set aside a finding of the Commission unless it is contrary to the manifest weight of the evidence. This rule, of course, applies to medical questions. *(Holiday Inns of America v. Industrial Com., 43 Ill.2d 88; Inland Steel Co. v. Industrial Com., 18 Ill.2d 70.)* Where the evidence is conflicting or of a nature which permits the reasonable drawing of differing inferences a court will not set aside an award solely because it might have made a different finding on the evidence or drawn inferences other than those reasonably drawn by the Commission. *Gubser v. Industrial Com., 42 Ill.2d 559, 562.*

Applying these standards we judge that the circuit court intruded upon the Commission's province of determining factual issues and erred in setting aside the award of the Commission and directing the Commission to enter an award in favor of the employee for total and permanent disability. We do not judge, considering the record, that the Commission's decision was contrary to the manifest weight of the evidence. The judgment of the circuit court remanding the cause to the Commission is reversed and the subsequent judgment of the circuit court confirming the directed award by the Commission is reversed.

*Judgments reversed.*