(No. 54348.—

CHARLES HOWARD, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Anderson Clayton, Appellee).

*Opinion filed March 16, 1982.*

Calandrino, Logan & Robeson, of Springfield (J. Jay Robeson, of counsel), for appellant.

Robert L. Mueller, of Livingstone, Mueller, Gunning & Davlin, of Springfield, for appellee.

JUSTICE CLARK delivered the opinion of the court:

The claimant, Charles Howard, filed a petition under section 19(h) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)), alleging an increase in disability since an earlier decision of the Industrial Commission dated September 30, 1976. The Industrial Commission denied this latest petition on March 5, 1979. The circuit court of Morgan County confirmed the decision of the Industrial Commission on December 4, 1980. The claimant has appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

This is the second time that this petitioner has appealed to this court seeking an increase in disability. In the original action before an arbitrator of the Industrial Commission the petitioner received an award of compensation for 64 weeks of temporary total disability and compensation for a 20% loss in the use of his right leg, as well as 10% loss in the use of his left leg. The first decision of the Industrial Commission affirmed the decision of the arbitrator. While that first decision of the Commission was being appealed, the claimant filed a petition under section 19(h) of the Act alleging an increase in disability. That petition was denied and was consolidated with the original case. The circuit court of Morgan County confirmed both decisions of the Industrial Commission. On direct appeal we affirmed the circuit court of Morgan County. *Howard v. Industrial Com.* (1980), 81 Ill. 2d 50.

Section 19(h) of the Act provides in part:

"An agreement or award under this Act providing for compensation in installments, may at any time within 18 months after such agreement or award be reviewed by

the Commission at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended.

However, as to accidents occurring subsequent to July 1, 1955, which are covered by any agreement or award under this Act providing for compensation in installments made as a result of such accident, such agreement or award may at any time within 30 months after such agreement or award be reviewed by the Commission at the request of either the employer or the employee on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended." (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(h)).

The purpose of a proceeding under section 19(h) is to determine whether a claimant's disability has changed since the time of the original decision by the Industrial Commission. *Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 236; *Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342, 344.

At the second section 19(h) proceeding the petitioner testified that pain in his lower back had increased in intensity since the previous hearing. Because of that severe back pain the petitioner claims he has problems sleeping and cannot drive an automobile for any length of time. The petitioner also testified that he now experiences muscle spasms in his left leg.

Dr. J. A. Gawaitney examined Mr. Howard on July 20, 1978. Dr. Gawaitney's report indicates that the claimant's X rays showed a bilateral pars interarticulares defect with grade 1 to 2 spondylolisthesis of the fifth lumbar vertebra. Spondylolisthesis is "[a] forward displacement of one of the bony segments of the spine (*i.e.*, of a vertebra) over its fellow below, but usually the slipping of the fifth or last lumbar (loin) vertebra over the body of the sacrum." 3 J.E. Schmidt, Attorney's Dictionary of Medicine S-133 (13th ed. 1979).

Evidence presented in the original proceeding is rele-

vant in measuring whether the claimant's position has changed since the time of the first Industrial Commission decision. (*Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342, 344.) Dr. Clifford Lynch is an orthopedic specialist who treated the claimant from May 10, 1972, through May 26, 1973. Dr. Lynch's reports of April 25, 1972, May 16, 1972, and November 19, 1973, were introduced into evidence in the original proceeding before the arbitrator. They indicate Mr. Howard to be "suffering from congenital 'spondylolisthesis with pars interarticulares defects bilaterally' ***. This report also stated that Dr. Lynch had recommended a spinal fusion and that claimant had declined." (*Howard v. Industrial Com.* (1980), 81 Ill. 2d 50, 55-56.) In Dr. Gawaitney's report dated July 20, 1978, he suggests that a spinal fusion of the "4th lumbar vertebra and 5th lumbar vertebra to the sacrum" would be needed before Mr. Howard could return to doing work that he performed prior to the accident.

The facts show that Mr. Howard's physical condition is essentially the same as it was at the time of the previous proceedings before the Commission. The Industrial Commission found that there were not sufficient changes in the petitioner's position to warrant a modification of the Commissioner's earlier award. Such a factual determination on the part of the Industrial Commission as to the extent of disability will not be set aside unless contrary to the manifest weight of the evidence. (*Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 236-37, citing *Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342, 346; see *Pruiett v. Industrial Com.* (1976), 65 Ill. 2d 240, 243.) Because the Industrial Commission's conclusion here is not against the manifest weight of the evidence, we affirm the judgment of the circuit court of Morgan County.

*Judgment affirmed.*