LLOYD RUFF, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Borg & Beck, Appellee).

First District (Industrial Commission Division)   No. 1—85—1565WC

Opinion filed October 29, 1986.

74

Joshua Sachs and Raymond D. Pijon, both of Chicago, for appellant.

William H. Martay, of Discipio, Martay, Caruso & Simard, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Lloyd Ruff, filed a petition under sections 8(a) and 19(h) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, pars. 138.8(a), 138.19(h)), alleging that his disability had increased to 100%. Originally, the arbitrator granted and the Industrial Commission affirmed compensation for the petitioner's 27½% permanent loss of the use of his right arm in connection with a December 13, 1976, work-related injury. In the present action the Commission found that the petitioner failed to prove a material increase in permanent disability and denied his petition for relief. The circuit court of Cook County affirmed the Commission's decision. The petitioner brings this appeal.

The evidence establishes that on December 13, 1976, the petitioner injured his right elbow while working for his employer, the respondent, Borg & Beck. At the time of the injury, the petitioner was employed as a clutch assembler. His condition was diagnosed as lateral epicondylitis, or tennis elbow. On September 23, 1977, surgery was performed on the petitioner's right arm. On August 11, 1978, an arbitrator found that the petitioner had permanently lost 27½% of the use of his right arm. Both parties appealed the arbitrator's decision.

On April 15, 1980, the Commission conducted a review of the arbitrator's ruling. At this review Dr. Farahvar, the petitioner's treating doctor from March of 1979 to April of 1980, testified that during the treatment period he found intermittent swelling and tenderness in the area of the surgical scar at the petitioner's right elbow. Dr. Farahvar further testified he had prescribed both physical therapy and medication during the treatment period and had prescribed, in April of 1979 and again in February of 1980, that the petitioner not work. On November 25, 1980, the Commission affirmed the decision of the arbitrator. There was no further appeal.

On September 18, 1981, the petitioner filed a petition for increased compensation under sections 19(h) and 8(a) of the Act. The Commission heard new testimony given at several hearings conducted on the section 19(h) petition during the summer of 1982, as discussed below.

It appeared that following his December 1976 injury the petitioner

continued to work for Borg & Beck as a janitor. His duties included sweeping, using a shovel to remove chips from a machine, and pulling drums. The sweeping was done with a push broom with a 6-foot-long handle. The petitioner needed to use both hands when using the broom. After April 15, 1980, the petitioner worked basically full-time at sweeping.

Between April 15, 1980, and August of 1980, the petitioner noticed both a sharp pain shooting down from his right elbow to his fingers and that his elbow was swollen. During this time, the petitioner was under the care of Dr. Michael Gonzales. Dr. Gonzales prescribed medication for the inflammation and referred the petitioner for physical therapy. In spite of the medication and therapy, the petitioner continued to experience pain while sweeping. In August of 1980 the petitioner's arm became swollen. Dr. Gonzales ordered the petitioner not to use his right arm, and wrote a letter recommending that the petitioner be relieved of any work requiring the use of that arm.

The petitioner was off work from August of 1980 until March 23, 1981. Upon returning to work, he was assigned to a vacuuming job requiring only the use of his left arm, and was not required to do any sweeping. He continued to experience pain in his right arm and remained under the care of Dr. Gonzales until December of 1981.

During the 1982 proceedings, Dr. Michael Gonzales, a physician who is board certified in physical medicine and rehabilitation, testified that he first saw the petitioner on March 26, 1980, and that the petitioner remained under his care until December of 1981. It was Dr. Gonzales' opinion that the petitioner's pain, swelling, inflammation, and disability were directly related to his original injury. In the doctor's opinion, the petitioner's condition was permanent because of the failure of both surgical and nonsurgical treatment to correct the condition and relieve the pain. Finally, Dr. Gonzales opined that the petitioner would be unable to work at all with his right arm. However, Dr. Gonzales also testified that he did not notice any significant difference in the condition of the petitioner's right arm from March of 1980 through December of 1981.

The petitioner also was examined by the respondent's doctor, Dr. Clarence Zurfli. Pursuant to his examination on March 16, 1982, Dr. Zurfli indicated that the petitioner was capable of performing sanitation work, including sweeping and some lifting not to exceed 15 to 20 pounds.

The Commission considered the evidence and, on June 5, 1984, denied the section 19(h) petition, finding that the petitioner failed to prove any material increase in the extent of his permanent disability.

However, the Commission granted the section 8(a) petition, awarding to the petitioner 31 1/7-weeks temporary total disability compensation. On May 17, 1985, the circuit court of Cook County confirmed the decision of the Commission. This appeal followed.

The petitioner's sole issue raised on appeal is whether the finding of the Industrial Commission that the petitioner failed to prove a material increase in his permanent disability was contrary to the manifest weight of the evidence. The petitioner argues that the testimony of Dr. Gonzales was both uncontradicted and conclusive that the disability of the petitioner's right arm had become both permanent and total.

■ The purpose of a section 19(h) proceeding is to determine whether a claimant's disability has changed since the time of the original decision by the Commission. (*Howard v. Industrial Com.* (1982), 89 Ill. 2d 428, 433 N.E.2d 657.) The change in the condition of the claimant's disability must be a material one. (*Zimmerly Construction Co. v. Industrial Com.* (1972), 50 Ill. 2d 342, 278 N.E.2d 789.) It is for the Industrial Commission to determine the facts and draw reasonable inferences from the evidence presented. (*Gould v. Industrial Com.* (1968), 40 Ill. 2d 548, 240 N.E.2d 661.) Such a factual determination by the Commission will not be set aside unless it is contrary to the manifest weight of the evidence. *Howard v. Industrial Com.* (1982), 89 Ill. 2d 428, 433 N.E.2d 657.

Although the evidence is conflicting, the facts support a finding that the petitioner's condition was essentially the same from November 25, 1980, the date the Commission affirmed the arbitrator's August 1978 award for 27 1/2% disability, until mid-1982, when hearings were held on the section 19(h) petition. The diagnosis of Dr. Farahvar, who treated the petitioner from March of 1979 through April of 1980, was similar to the diagnosis of Dr. Gonzales, who treated the petitioner from March of 1980 through December of 1981. Further, Dr. Gonzales testified that he did not notice any significant change in the petitioner's condition throughout the time he treated the petitioner. Also, Dr. Gonzales' opinion that the petitioner's disability was permanent and that he was unable to use his right arm was contradicted by Dr. Zurfli, who indicated that the petitioner was capable of sweeping and light lifting with his right arm.

■ Based on conflicting evidence, the Commission decided that the petitioner had failed to prove a material increase in the disability of his right arm. We find that the Commission's decision was not contrary to the manifest weight of the evidence.

In its brief the respondent raises two additional issues for review.

The first is whether the Commission had jurisdiction to hear the section 19(h) petition because the petition was not timely filed. The second is whether the award of temporary total disability as allowed under section 8(a) should be reversed because the petitioner was not under medical care for this injury during the time he was off work. The petitioner argues that the respondent has waived review of these issues by failing to file a notice of cross-appeal.

As to the respondent's first issue, we disagree with the petitioner's contention. The general rule is that the issue of subject matter jurisdiction cannot be waived. *Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill. App. 2d 356, 240 N.E.2d 535.

An argument analogous to that presented in the respondent's first issue was raised in *Consolidation Coal Co. v. Department of Labor* (1985), 138 Ill. App. 3d 541, 485 N.E.2d 1102. There, the appellee argued that the circuit court was without jurisdiction to hear the appellant's complaint because it was not timely filed in the circuit court. The appellant replied that the appellee waived the issue by failing to file a notice of cross-appeal. In part, the court rejected the appellant's waiver argument because the appellee's issue was one of subject matter jurisdiction and therefore could not be waived. In agreement with the analysis in *Consolidation Coal Co.*, we consider the respondent's jurisdictional claim.

The respondent argues that the petitioner never filed a section 19(h) petition with the Commission and had only first presented it before the circuit court in 1984 during its review of the Commission's denial of the section 19(h) petition. Therefore, the respondent argues, this court is without jurisdiction to hear this appeal, as the section 19(h) petition was not filed within the 30-month time limit prescribed by section 19(h).

However, a review of the record indicates that the respondent's argument is without merit. There is a copy of the file-stamped section 19(h) petition indicating that it was filed on September 18, 1981, within the 30-month limit required by section 19(h) (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(h)). Further, in its decision the Commission found that the petitioner filed a timely section 19(h) petition on September 18, 1981. We find that the Commission had proper jurisdiction to hear the petitioner's section 19(h) claim.

As to the respondent's second issue regarding the section 8(a) disability award, we agree with the petitioner that that issue has not been properly presented to the court. Where a decision contains a specific finding adverse to an appellee, the appellee must file a cross-appeal raising as an issue that adverse finding. (*Cleys v. Village of*

*Palatine* (1980), 89 Ill. App. 3d 630, 411 N.E.2d 1161.) If the appellee fails to file the cross-appeal, the reviewing court is confined to only those issues raised by the appellant and will not consider those urged by the appellee except where they are related to the appellant's issues. 89 Ill. App. 3d 630, 411 N.E.2d 1161.

■ Here, the respondent's challenge to the propriety of the award of temporary total disability concerns a finding adverse to the respondent in the Commission's decision, which was generally favorable to the respondent. As the petitioner appealed only from the denial of permanent disability compensation and, as the respondent did not raise the instant issue through cross-appeal, we find that the respondent's second issue has not been properly presented before this court and is therefore waived.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.