FLORENCIO VERA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Olmarc Packaging, Appellee).

First District (Industrial Commission Division)   No. 1—85—2708WC

Opinion filed December 10, 1986.

1034

WEBBER, P.J., concurring in part and dissenting.

Virgil W. Mungy & Associates, of Chicago (Fred P. Perlini, Jr., of counsel), for appellant.

Wiedner & McAuliffe, Ltd., of Chicago (Paul W. Wiedner, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Florencio Vera, claimed benefits under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*), for injury sustained while employed by the respondent, Olmarc Packaging (the company). For the petitioner's 20% permanent and complete loss of use of his left hand, the arbitrator awarded the petitioner 38 weeks of compensation. The Commission modified the decision of the arbitrator by reducing the award to five weeks of compensation for serious disfigurement to his right hand. The circuit court of Cook County confirmed the decision of the Commission. The petitioner brings the instant appeal claiming that the Commission improperly admitted certain medical records and that its delayed decision both subverted the purpose of the Act and was contrary to the manifest weight of the evidence.

At arbitration, the evidence established the following. The company employed the petitioner to drive a jeep. On December 21, 1979, when the petitioner attempted to turn the company's jeep, it reversed accidentally and then his left hand was thrust against its roll bar and steering wheel. The petitioner reported the accident and then rested for 30 minutes. Several weeks later, the petitioner felt pain and noticed a mass in the central portion, dorsum, of his left hand. By June of 1980, a bilocular ganglion had grown, and the pain had intensified. The company's Lehigh Clinic personnel aspirated the ganglion, but it appears the painful cyst recurred several weeks later.

In February of 1981, the company laid off the petitioner. The fol-

lowing June, Dr. Barry Fischer discovered a soft tissue mass on the dorsum of the petitioner's left hand over the mid-portion of the third metacarpal. Dr. Fischer concluded that a contusion and strain injury to the petitioner's left hand had caused the ganglion cyst, tendonitis, and residual swelling that necessitated surgery.

The petitioner consulted Dr. T. Shelly Ashbell, who, in November of 1981, excised the ganglion and performed a capsulectomy and synovectomy between the petitioner's capitate-metacarpal joint and the dorsum of his left hand. Dr. Ashbell casted the affected area, and released the petitioner to return to work on November 19.

On November 30, the petitioner experienced chronic synovitis in his wrist joint and swelling of the dorsum of his left hand. Subsequently, Dr. Ashbell twice aspirated the wound. By April 14, 1982, synovial fluid had ceased to accumulate; and the wound had healed. In Dr. Ashbell's opinion, a work-related injury had caused the chronic synovitis which produced the ganglion at the petitioner's carpal joint.

In March of 1982, Dr. Gerald Harris examined the petitioner and concluded that he could work normally with his hands. By September of 1982, however, the petitioner had lost sensation in his left hand, and experienced pain and fatigue when carrying heavy objects for an extended time.

The arbitrator found that on December 21, 1979, the petitioner was injured in the course of his employment at the company and that his present condition of ill-being was causally related to his injury. The arbitrator awarded the petitioner 38 weeks of compensation for the permanent and complete loss of use of 20% of his left hand, as aforesaid.

On review, the company introduced the April 16, 1982, report of Dr. Ashbell. Without objection at arbitration, the petitioner had introduced that report but had deleted Dr. Ashbell's observations that the petitioner had no symptoms, complaints, or functional impairment, and his conclusion that there would be no future disability.

After Commissioner Miller demanded a viewing of the petitioner's left hand and after a 14-month delay, the Commission affirmed the arbitrator's conclusions. However, the Commission reduced the award to five weeks of compensation for disfigurement to the petitioner's right hand.

The circuit court confirmed the decision of the Commission.

We first address the petitioner's argument that the Commission's delayed decision and demanded viewing subverted the purpose of the Act.

■ We acknowledge the fundamental purpose of the Act to pro-

vide employees with prompt, equitable compensation for their work-related injuries (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353), and recognize that the Commission's decision was unreasonably delayed. However, the silent record neither explains the delay nor suggests that the viewing was objectionable. Hence, we decline to provide the petitioner with a speculative remedy.

■ We next address the petitioner's argument that the arbitrator improperly admitted his wife's hospital records regarding facial injuries inflicted by the petitioner in 1979 and that the Commission erred in readmitting Dr. Ashbell's report with his conclusions of ultimate facts. The company responds that by not providing an accurate copy of the report, the petitioner violated section 12 of the Act. Ill. Rev. Stat. 1979, ch. 48, par. 138.12.

Initially, while we acknowledge the limited relevancy of the wife's hospital records, we decline to disturb the arbitrator's discretionary decision to admit them.

■ As to the propriety of admitting Dr. Ashbell's reports, section 12 requires that the petitioner's surgeon furnish the employer or his representative with an exact copy of the report delivered to the employee. In that report, the expert is prohibited from invading the Commission's province to determine an employee's percentage of loss of use. (*Pocahontas Mining Co. v. Industrial Com.* (1922), 301 Ill. 462, 134 N.E. 160.) It does not follow, however, that an employee may delete objectionable matters from a report without the employer's knowledge. Tampering with the report directly violates section 12 of the Act, and is critical if the employer was prejudiced by the omission. *Overland Construction Co. v. Industrial Com.* (1967), 37 Ill. 2d 525, 229 N.E.2d 500.

■ We note that prior to arbitration, Dr. Ashbell sent a copy of his April 16, 1982, report to the employer's representative. The record only indicates that the report was admitted without objection and fails to indicate that the company either considered or was aware of the deletion. Under these circumstances, we decline to speculate as to the propriety of either the petitioner's conduct in offering the report or the company's negligent compliance in allowing the report into evidence. Thus, we decline to find that the petitioner violated section 12 and find neither party's conduct sufficient basis to disturb the arbitrator's award.

Before addressing the propriety of readmitting Dr. Ashbell's report on review, we note that in effect the Commission admitted the following statement as additional evidence: "He had no symptoms and no complaints. There was no functional impairment and there will be

no future disability."

■ We categorize the doctor's statement that "there will be no future disability," as conclusion of ultimate fact, properly to be determined by the Commission. That sentence, therefore, with both parties' knowledge, should have been deleted from the report. We find its admission a significant error warranting remand to the Commission for further review proceedings. We further find the remaining portion of the doctor's statement comprised of observations which the Commission had discretion to admit as additional evidence. *Wirth v. Industrial Com.* (1974), 57 Ill. 2d 475, 312 N.E.2d 593.

■ We now turn to the petitioner's argument that due to a clerical error, the decision of the Commission was against the manifest weight of the evidence. We note that neither party attempted to correct the alleged clerical error in the Commission's award for serious disfigurement to the petitioner's right hand. Therefore, we must review the decision as written.

It is well established that this court will not set aside the Industrial Commission's determination of extent of disability unless contrary to the manifest weight of the evidence. (*Howard v. Industrial Com.* (1982), 89 Ill. 2d 428, 433 N.E.2d 657.) The Commission observed the petitioner and found the following: Due to injury to his left hand in the course of employment with the company, the petitioner developed a ganglion cyst, dorsum of his left hand. That left hand sometimes becomes numb, and causes the petitioner to experience pain when he lifts and carries heavy objects.

■ We find that all the relevant evidence pertains to the petitioner's left hand and does not support the Commission's award for injury to the petitioner's right hand. Thus, the Commission's decision was against the manifest weight of the evidence, and for this additional reason we remand to the Commission.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause remanded to the Commission for further proceedings to determine an appropriate award.

Reversed and remanded with directions.

McNAMARA, LINDBERG and KASSERMAN, JJ., concur.

PRESIDING JUSTICE WEBBER, concurring in part and dissenting:

I agree with my colleagues that the delay in issuing a decision by the Commission in this case is no basis for reversal. I further agree

that the admission of the wife's hospital records was of limited relevancy but likewise lays no basis for reversal.

However, I part company with them on the question of Dr. Ashbell's report and the obvious clerical error on the question of right hand versus left hand.

Historically, Illinois followed the rule that an expert could not express an opinion on the ultimate issue. The theory was that this invaded the province of the fact finder. However, the theory was abandoned in *Clifford-Jacobs Forging Co. v. Industrial Com.* (1960), 19 Ill. 2d 236, 242-43, 166 N.E.2d 582, 586, where the supreme court said:

> "The opinion is permitted to be given to enable the jurors to draw the inferences from the evidence which their want of knowledge would otherwise prevent. In this case the question was whether the appellee's condition was due to traumatism or other causes. It was a question for the jury to determine, but it was impossible for them to answer without hearing the opinions of physicians. These opinions did not invade the province of the jury. [Citations.] It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it."

*Pocahontas Mining* stands for the proposition that the expert may not assign percentage values to the disability, although even that authority is dubious in view of *Clifford-Jacobs Forging.* Nonetheless, the Commission is statutorily charged with the duty of assigning percentages and with its presumed expertise in the area it needs no expert assistance.

In the instant case Dr. Ashbell made no attempt to assign percentages. Indeed, his report is in strict compliance with section 12 of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 47, par. 138.12), which requires the employee to submit to a medical examination "for the purpose of determining the nature, extent and probable duration of the injury." The surgeon is required to submit a written report "of the condition and extent of the injury."

Clearly, in my opinion, the report complied with these statutory mandates and I find no basis to strike from it the language as indicated in the principal opinion. This was competent evidence before the Commission.

As to the right-hand-versus-left-hand imbroglio, it is apparent to me that this is nothing more than a clerical error. While I award no encomiums to the Commission or the parties for their failure to observe and correct this pursuant to section 19(f) of the Act (Ill. Rev.

Stat. 1985, ch. 47, par. 138.19(f)), I find no reason for the procrustean remedy of remand. The case load of the Commission is a well-known fact, and it should not be further burdened with this sort of thing.

All of the evidence before the arbitrator concerned the left hand; Commissioner Miller viewed the left; the entire case concerned the left hand. If the majority seeks to punish the Commission and the parties for sloppy practice, there are better ways of doing it.

Pursuant to this court's power under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), I would alter the Commission's decision to state "left hand" in lieu of "right hand" and be done with this case.

In sum, I would affirm the Commission's decision as altered by us.