ELSIE RIZZO, Ex'r of the Estate of Fred Rizzo, Deceased, Plaintiff-Appellant, v. TRAVELERS INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   Nos. 1—88—0471, 1—88—1255 cons.

Opinion filed December 29, 1989.

68

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (James E. McParland, Tom H. Luetkemeyer, and Steven Mihajlovic, of counsel), for appellant.

William G. Beatty and Leah R. Cooper, both of Johnson, Cusack & Bell, of Chicago (Thomas H. Fegan, of counsel), for appellee Travelers Insurance Company.

Rock, Fusco, Reynolds & Heneghan, of Chicago, for appellee Local No. 1 Hotel Employees and Restaurant Employees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Elsie Rizzo, the widow and beneficiary of Fred Rizzo, brings this appeal after a grant of summary judgment in favor of defendants, Travelers Insurance Company (Travelers) and Local No. 1 Hotel Employees and Restaurant Employees (Local No. 1). On appeal, plaintiff contends that the court erred in its construction of a benefit provision of a life insurance policy, thereby serving to deny plaintiff the correct benefit amount under the policy.

On August 1, 1982, a group life insurance policy was purchased by Local No. 1 from Travelers to provide insurance for Local No. 1 employees and union members. When the policy was issued, decedent was employed by Local No. 1 and held the position of "Business Agent" with the union.

The policy's "Schedule of Benefits" provided, in pertinent part, as follows:

"LIFE INSURANCE—FOR YOU ONLY

| Occupation or Position | Amount of Life Insurance Prior to Age 65 |
| --- | --- |
| I. Actively Employed Officer | $40,000 |
| II. Business Agent | $10,000 |
| III. All other occupations & positions | $6,000 |

Changes in amounts of insurance due to change in your occupation or position will become effective on the Policy Anniversary following the date your occupation or position is changed. Such new amounts of insurance will be determined in accordance with the table above upon the basis of your occupation or position as of the first day of the third insurance month next preceding such Policy Anniversary."

All sums are doubled in the event of an accidental death.

June 1, 1983, and the same date each year thereafter was designated as the policy anniversary date. March 1 of each year was designated as the date on which Travelers determined the amount of insurance each employee and union member would be entitled to for the upcoming policy year.

On April 23, 1984, decedent was elected secretary of the union, thereby changing his position to "Actively Employed Officer"; however, Local No. 1 failed to record the change. On December 21, 1984, decedent accidentally died of a gunshot wound to the neck.

Plaintiff, as the named beneficiary to decedent's life insurance

policy, made a claim for benefits. Travelers tendered $20,000 to plaintiff, which was calculated as double the $10,000 benefit due when a "Business Agent" dies accidentally. Plaintiff maintains that she is entitled to $80,000, which is double the $40,000 benefit allowed for beneficiaries of an "Actively Employed Officer" who dies accidentally.

Plaintiff, as the executor of decedent's estate, brought suit against Travelers and Local No. 1. The complaint consisted of four counts. Count I prayed for declaratory relief against both defendants. Counts II and III alleged breach of contract by Travelers and Local No. 1, respectively. Count IV alleged negligence against Local No. 1. Plaintiff did not assert any of the causes of action available to her under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (1982) (hereinafter ERISA). Travelers' filed a motion for summary judgment which was adopted by Local No. 1. Defendants' motion argued that any change in an insured's occupation or position must occur more than three months before the policy anniversary date, i.e., before March 1, before any new amount of life insurance coverage would become effective. If an insured's occupation or position changed after March 1, any new amount of life insurance coverage would not become effective until the following year. Defendants argued that since decedent's change in occupation or position occurred after March 1, 1984, he would remain insured as a "Business Agent" until June 1, 1985, i.e., the next policy anniversary date. Had decedent lived, the increased coverage provided for an "Actively Employed Officer" would have become effective on June 1, 1985. Defendants believe that the first sentence grants benefits and defines when the benefits will become effective; the second sentence describes calculation of the benefits and when a new benefit amount will be determined.

In response to defendants' motion for summary judgment, plaintiff argued that the schedule of benefits provision of the insurance policy was ambiguous when properly interpreted. Plaintiff interpreted the first sentence of the benefits provision to mean that "changes in the amounts of insurance, due to change in occupation or position, [became] effective on the policy anniversary following the date the occupation or position is changed." Plaintiff believed that the second sentence of the benefits provision "raise[d] an ambiguity to the otherwise clear intent of the first sentence."

After hearing defendants' motion, the court entered judgment for defendants and denied plaintiff's cross-motion for summary judgment. On appeal, plaintiff raises the following issues: (1) the trial court erred by ordering enforcement of an insurance contract which con-

tains ambiguous and inconsistent provisions; (2) the insurance contract must be interpreted in a manner which expresses the intent of the policy and reconciles two ambiguous and inconsistent provisions; and (3) ambiguities should be construed against the insurer that drafted the policy. Plaintiff's arguments assume that the insurance policy is ambiguous and in need of construction. Travelers argues that (1) plaintiff's complaint, which is based on State common law, is preempted by ERISA and should be dismissed for want of subject mater jurisdiction; (2) preemption by ERISA is a challenge to the court's subject matter jurisdiction and cannot be waived; (3) defendant would be entitled to summary judgment under an ERISA action in Federal court; and (4) if the court finds that plaintiff's cause of action is not preempted, the trial court correctly ruled that the insurance policy was not ambiguous. Plaintiff responds to defendant's arguments by asserting that (1) the mere allegation that an insurance policy is part of an "employee welfare benefit plan" is insufficient to preempt a State cause of action; (2) defendant Travelers failed to establish that it is a fiduciary under ERISA; (3) defendants' reliance on *Pilot Life Insurance Co. v. Dedeaux* (1987), 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549, is premature; and (4) this case must be decided under the applicable rules of construction for insurance contracts in Illinois.

■■ ■ Initially we must determine whether the group life insurance policy issued to employees of Local No. 1 is an employee welfare benefit plan governed by ERISA and, if so, do the State courts have subject matter jurisdiction over plaintiff's claim.

Under ERISA, an "employee welfare benefit plan" is broadly defined to include the following:

> "[A]ny plan, fund, or program which was *** established or maintained by an employer *** to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ***." 29 U.S.C. §1002(1) (1982).

In determining whether a "plan, fund, or program" under ERISA is established, a court must decide based on the surrounding circumstances whether "a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program ***. *** [T]he purchase of a group policy *** covering a

class of employees offers substantial evidence that a plan, fund, or program has been established." (*Donovan v. Dillingham* (11th Cir. 1982), 688 F.2d 1367, 1373.) It is well settled that decisions of the United States district courts and the circuit courts are not binding on Illinois courts. (*City of Chicago v. Groffman* (1977), 68 Ill. 2d 112, 118.) However, such decisions may be adopted to the extent that we find the reasoning and rationale persuasive. *Skokie Gold Standard Liquors, Inc. v. Seagrams & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 1057.

The record indicates that Local No. 1 purchased a group life insurance policy from Travelers for the benefit of its employees in the event of death. Under the policy, an insured employee named the beneficiary of the death benefit. The "Schedule of Benefits" expressly states the intended benefits. Although the record does not explicitly indicate the procedures for receiving benefits, it does indicate that the insured employee is to place the name of his beneficiary on file with his employer. The record states that the employee may change his beneficiary by obtaining the required forms from his employer and returning the completed forms to his employer. We believe these circumstances are sufficient to establish the essentials of a "plan, fund, or program" established or maintained by an employer for the purpose of providing death benefits to participants' beneficiaries.

Next we consider whether plaintiff's causes of action for breach of contract and negligence are preempted under ERISA. Plaintiff asserts that the trial court erred in construing the policy. She argues that the correct interpretation of the policy expresses the intent of the policy and reconciles inconsistent sentences and that ambiguities in the policy should be construed in favor of plaintiff since defendant drafted the policy. Section 1144(a) specifically provides:

"Except as provided in subsection (b) [not applicable here] of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. §1144(a) (1982).

This statute was interpreted by the Supreme Court in *Pilot Life Insurance Co. v. Dedeaux* (1987), 481 U.S. 41, 95 L. Ed. 2d 39, 107 S. Ct. 1549. The Court reasoned that a State law "relat[ing] to *** employee benefit plan[s]" is preempted under section 1144(a). (*Dedeaux*, 481 U.S. at 45, 95 L. Ed. 2d at 46, 107 S. Ct. at 1552.) The court noted the "expansive sweep of the pre-emption clause." (*Dedeaux*, 481 U.S. at 47, 95 L. Ed. 2d at 48, 107 S. Ct. at 1553.) "The

phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " (*Metropolitan Life Insurance Co. v. Massachusetts* (1985), 471 U.S. 724, 739, 85 L. Ed. 2d 728, 740, 105 S. Ct. 2380, 2389, citing *Shaw v. Delta Air Lines, Inc.* (1983), 463 U.S. 85, 97, 77 L. Ed. 2d 490, 501, 103 S. Ct. 2890, 2900.) Our court of appeals has found that the ERISA provisions serve to preempt all State–law-based causes of action and to supersede State decisional law which relates to an employee benefit plan. *Arnold v. Babcock & Wilcox Co.* (1987), 154 Ill. App. 3d 863, 870.

■ The State contract and tort law, relied upon by plaintiff, have a connection with or reference to the life insurance policy purchased by Local No. 1; therefore, the State laws are preempted. In this case the State laws do not regulate insurance and, therefore, are not saved from preemption. All of plaintiff's arguments are based upon State law causes of action and, thus, are preempted. Accordingly, no further discussion concerning the State law claims raised by the parties is necessary.

■ Next we determine whether the State court lacks subject matter jurisdiction over plaintiff's State claims since plaintiff seeks to recover benefits from an insurance policy which is covered by ERISA. It is well settled that the defense of lack of subject matter jurisdiction cannot be waived. (*Ruff v. Industrial Comm'n* (1986), 149 Ill. App. 3d 73, 78.) Accordingly, defendant's arguments based on lack of subject matter jurisdiction, initially raised on appeal, were not waived. The type of benefit allegedly owed to plaintiff is covered by ERISA, which preempts State claims; therefore, the trial court lacks subject matter jurisdiction over State claims in such a case. ERISA's preemption of State claims mandates dismissal of all such claims. (*Hagler v. J.F. Jelenko & Co.* (Mo. App. 1986), 719 S.W.2d 486, 487.) In this situation plaintiff's claims are based on State law theories. Plaintiff fails to make any claims under ERISA. Since Illinois courts lack subject matter jurisdiction over plaintiff's common law contract and tort claims, they will be dismissed.

It should be noted that, since the life insurance policy is covered under ERISA, this case arises under Federal law and the Illinois courts have concurrent jurisdiction on any ERISA claims raised by the plaintiff. Section 1132(e)(1) of ERISA (29 U.S.C. §1132(e)(1) (1982)) provides:

> "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions

under subsection (a)(1)(B) of this section."
Subsection (a)(1)(B) provides, in pertinent part:

"(a) ***

A civil action may be brought—

(1) by a participant or beneficiary—
***

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan[.]" 29 U.S.C. §1132(a)(1)(B) (1982).

■■ Although the trial court lacked subject matter jurisdiction over plaintiff's State law claims, we will consider plaintiff's declaratory action, since Federal law would determine the benefit amount to be paid to plaintiff. The applicable standard for interpretation of ERISA plans differs from the ordinary contract cases which are governed by State law. (*Arnold v. Babcock & Wilcox Co.* (1987), 154 Ill. App. 3d 863, 871.) Under Federal law, a court which is asked to review the defendant's interpretation of an insurance policy is limited to determining whether the interpretation was made rationally and in good faith, not whether the interpretation of the policy was right. We must read the policy as a whole to determine whether defendant's interpretation of the policy was arbitrary. *Arnold,* 154 Ill. App. 3d at 871.

■ The life insurance policy, by its express terms, provides a method for calculating the benefit amount to be paid to an employee's beneficiary. To displace a valid and rational method of determining benefits with a method based on State contract and tort principles would violate the terms of the policy. ERISA preempts, with limited exceptions, any attempts to displace the express terms of an employee benefit plan with terms fashioned under State law.

Defendants' reading of the "Schedule of Benefits" provision is clear and unambiguous. The first sentence explains that a change in position or occupation results in a change in insurance benefits. The second sentence describes when the changed benefits will vest and how the amount of time necessary for vesting the benefits will be calculated. Based on the defendants' logic, the plain language of the policy indicates that the policy required a change in position to occur three months before the policy anniversary date, *i.e.,* before March 1, in order for any change in benefit amount to become effective that year. If the change in position occurred after March 1, the change in benefit amount would become effective the following year. Based on this interpretation of the provision, Travelers tendered $20,000 to plaintiff. The amount was calculated based on the $10,000 agent bene-

fit, which was doubled due to decedent's accidental death. We believe defendants' interpretation is rational. Furthermore, the record fails to indicate that the interpretation was made in bad faith, and, therefore, we are bound to accept it.

Based on the foregoing, there is no need to discuss the remaining issues raised by the parties.

We conclude that ERISA preempts State contract and tort claims in this case, and we hold that calculation of the benefit amount owed to plaintiff was correctly determined. Accordingly, we affirm the judgment of the circuit court.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.