653 N.E.2d 775 (1995)
274 Ill.App.3d 102
210 Ill.Dec. 580
Randy SCHOLTENS, Plaintiff,
v.
Jeffrey SCHNEIDER et al., Defendants (Electrical Insurance Trustees, Respondent-Appellant).
No. 1-92-3160.
Appellate Court of Illinois, First District, First Division.
May 30, 1995.
As Modified on Denial of Rehearing August 14, 1995.
*776 Edwin H. Conger, David R. Shannon, Chicago (Tenney & Bentley, of counsel), for appellant.
Michael D. Walsh; Gierach, Schussler, Walsh Ltd., Oak Lawn, for appellee.

MODIFIED ON DENIAL OF REHEARING
Justice BRADEN delivered the opinion of the court:
Respondent, Electrical Insurance Trustees, appeals from an order of the circuit court of Cook County adjudicating a subrogation lien. On appeal, respondent argues that the trial court erroneously applied the Illinois common fund doctrine as opposed to the doctrine of Federal preemption.
We affirm.
Petitioner, Randy Scholtens, participated in an employee benefit plan, as defined in section 4(a) of the Employee Retirement Income Security Act of 1974 (ERISA). (29 U.S.C. § 1001 et seq.) The plan was administered by respondent and provided plan benefits which include the payment of hospital bills, doctor's bills and other medical expenses. The plan is a self-funded ERISA benefit plan and contained a subrogation clause regarding payments received from third parties.
On December 22, 1989, petitioner was injured in an automobile accident. On January 3, 1990, petitioner entered into a subrogation agreement with respondent. In accordance with the plan, respondent paid medical bills of $33,866.85 incurred by petitioner, and disability benefits in the amount of $9,866.85. The medical bills and disability benefits totalled $42,921.75. Petitioner filed a tort claim against two defendants which was ultimately settled for $100,000.
Scholtens then petitioned the trial court to adjudicate the subrogation lien of respondent. He argued that respondent was not entitled to the full amount of the subrogation, as it was responsible for the cost of the litigation which produced the settlement. Scholtens asserted that the amount of the subrogation lien should be reduced by one-third plus 42% of the litigation costs. The trial court found that the Illinois common fund doctrine applied and reduced the subrogation lien to $28,286.76. The trial court further held that the order did not determine the rights of respondent against Scholtens based on the terms of its plan of benefits or the subrogation agreement. Instead, the order was based solely upon the Illinois common fund doctrine.
Respondent appeals, contending that the trial court erroneously refused to adjudicate the Trustees' rights under either the benefit plan or the subrogation agreement. The trial court stated as follows:
"The Court should not and does not adjudicate any rights of the Trustees under the terms of either their subrogation agreement with plaintiff or the terms of their benefit plan."
We cannot say that the trial court erred in failing to adjudicate the subrogation rights.
Next, respondent argues that ERISA bars the use of the Illinois common fund doctrine in resolving the subrogation issue. ERISA comprehensively regulates employee pension and welfare benefits. (Baxter ex rel. Baxter v. Lynn (8th Cir.1989), 886 F.2d 182, 184.) Section 514(a) of ERISA preempts "any and all State laws in so far as they may now or hereafter relate to any benefit plan." (Baxter, 886 F.2d at 184.) ERISA is broad in its preemptive scope. (Baxter, 886 F.2d at 184.) The determination as to whether Federal law preempts a state statute requires an inquiry into congressional *777 intent. (FMC Corp. v. Holliday, (1990), 498 U.S. 52, 57, 111 S.Ct. 403, 407, 112 L.Ed.2d 356, 359.) Congressional intent extends very broad preemptive powers to ERISA.
The relevant congressional phrase for purposes of this analysis is "relate to." In an employee benefit plan context, a law is deemed to "relate to" a plan if it has a connection with or reference to such plan. (Shaw v. Delta Air Lines (1983), 463 U.S. 85, 97, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490, 501.) Under this wide interpretation, a State law may relate to a benefit plan and consequently be preempted although the law was not crafted to affect such plans. Pilot Life Insurance Co. v. Dedeaux (1987), 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39, 48.
Illinois courts have followed the Supreme Court's directive extending broad preemptive powers to ERISA. In examining the parameters of ERISA, the United States Supreme Court found that the purpose of the statute's expansive language was to place pension plan regulation exclusively within the Federal ambit. (Construction & General Laborer's District v. McHugh Construction Co. (1992), 230 Ill.App.3d 939, 943, 172 Ill.Dec. 740, 743, 596 N.E.2d 19, 22.) "Our court of appeals has found that ERISA provisions serve to preempt all state-law-based causes of action and to supersede state decisional law which relates to an employee benefit plan." Rizzo v. Travelers Insurance Co. (1989), 193 Ill. App.3d 67, 73, 140 Ill.Dec. 159, 163, 549 N.E.2d 810, 814.
Despite continually crafting an exceptionally broad and expansive application of the preemption doctrine, the United States Supreme Court has acknowledged that some State law connections are too minimal to be considered to "relate to" the plans, thereby avoiding Federal preemption. In a footnote, the United States Supreme Court indicated that "[s]ome State actions may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law `relates to' the plan." (Shaw v. Delta Air Lines (1983), 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2891, n. 21, 77 L.Ed.2d 490, 503.) In fact, this court has relied upon footnote 21 in determining that some State laws may have too remote or peripheral an effect on an employee plan as to justify preemption. McHugh Construction Co., 230 Ill. App.3d at 944, 172 Ill.Dec. at 743, 596 N.E.2d at 22.
In Golen v. Chamberlain Manufacturing Corp. (1985), 139 Ill.App.3d 53, 93 Ill.Dec. 677, 487 N.E.2d 121, this court relied upon a Pennsylvania case in stating that "[w]hen a State law only tangentially impacts upon an ERISA plan * * * federal law does not preempt State law." (Emphasis added.) (Golen, 139 Ill.App.3d at 57, 93 Ill.Dec. at 681, 487 N.E.2d at 125.) Golen held that ERISA preemption did not apply where the action "only indirectly affected defendant's employee benefit plan in a way not in conflict with the purposes ERISA was designed to achieve." Golen, 139 Ill.App.3d at 58, 93 Ill.Dec. at 681, 487 N.E.2d at 125.
In the present case, respondent argues that the trial court's order reducing the amount of the subrogation claim clearly "relates to" the plan as it directly modifies both the plan and the subrogation agreement. Respondent further asserts that this is not a case where the State action affects the plan in merely a tenuous, remote or peripheral manner but rather has an effect that is substantial, immediate and fundamental.
The question presented in this case is whether the trial court's application of the Illinois common fund doctrine, in the subrogation context, "relates to" the benefit plan so as to trigger ERISA preemption. Respondent cites Provident Life Insurance Co. v. Linthicum (8th Cir.1991), 930 F.2d 14, which held that ERISA preempted state subrogation law. Respondent also relies upon In re Estate of Scott (1991), 208 Ill.App.3d 846, 153 Ill.Dec. 647, 567 N.E.2d 605, which concluded that there was no Illinois authority to support an estate's argument that the employer's health plan should only receive a pro rata share of the settlement proceeds. (Scott, 208 Ill.App.3d at 848, 153 Ill.Dec. at 648, 567 N.E.2d at 606.) The court failed to consider the issue of whether ERISA preempted any Illinois limitations upon the right of subrogation.
*778 In Kelleher v. Hood (1992), 238 Ill.App.3d 842, 179 Ill.Dec. 4, 605 N.E.2d 1018, the court engaged in the preemption analysis and concluded that certain State law restrictions on subrogation are not preempted by ERISA. In Hood, the court based its conclusion upon the fact that the health plan had failed to show a negative effect on federal uniformity, so as to require the application of preemption. The Hood court held that the State law governing the denial of a subrogation lien was not preempted by ERISA.
Respondent asserts that the court's attempt to regulate its subrogation rights and the enforcement of those rights by applying Illinois' equitable principles directly challenges the holding of FMC Corp. v. Holliday (1990), 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356. Hood explained that Holliday was not controlling on the particular facts of the case and that preemption did not apply. The court stated:
"Unlike cases where ERISA preemption was necessary, the State laws in this case do not prevent the administrator of this ERISA plan from doing what the plan permits, seeking reimbursement from a subscriber to the Plan." Hood, 238 Ill. App.3d at 852, 179 Ill.Dec. at 11, 605 N.E.2d at 1025.
The trial judge applied the equitable principles of the Illinois common fund doctrine and thus placed limits upon the reach of ERISA preemption. Hood supports this decision that preemption does not apply where the State law only tangentially or remotely impacts upon the plan and does not threaten federal uniformity.
For the foregoing reasons, we affirm the trial court's decision.
Affirmed.
CAMPBELL, P.J., and BUCKLEY, J., concur.